IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Carl Jones (217239), | ) |
|        Plaintiff, | ) |
| | ) Case No. 22 C 50300 |
|    v. | ) |
| | ) Hon. Iain D. Johnston |
| Stehlin Streit, et al., | ) |
|        Defendants. | ) |

**ORDER**

Plaintiff's amended complaint [15] is accepted. The Court directs the Clerk to: (1) file Plaintiff's amended complaint [15]; (2) issue summonses for service of the amended complaint on Defendants Streit and Dusek; (3) dismiss all other Defendants; and (4) send Plaintiff a blank USM-285 service form, filing instructions, and a copy of this order. The Court appoints the U.S. Marshals Service to serve Defendants Streit and Dusek. Defendant Streit may be served using the USM-285 form returned by Plaintiff [17]. The Clerk is directed to forward a copy of the USM-285 form [17] to the U..S. Marshal. Plaintiff must complete and return a USM-285 form for service on Defendant Dusek. Failure to return the USM-285 form may result in dismissal of Defendant Dusek. The U.S. Marshal is authorized to send a request for waiver of service to Defendants in the manner prescribed by Federal Rule of Civil Procedure 4(d) before attempting personal service. Plaintiff's motions for attorney representation [4], [10] are denied without prejudice.

**STATEMENT**

      Plaintiff, Carl Jones, presently in custody at the DeKalb County Jail, filed suit alleging that he was subjected to excessive force by an officer of the City of DeKalb police department. Before the Court is Plaintiff's amended complaint for initial review and his motions for attorney representation.

      The Court is required to screen prisoners' complaints and dismiss the complaint, or any claims therein, if the Court determines that the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. 28 U.S.C. § 1915A; *see Jones v. Bock,* 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Courts screen prisoners' complaints in the same manner they review motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011).

      A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*

*Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). The statement also must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," which means that the pleaded facts must show there is "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When screening a *pro se* plaintiff's complaint, courts construe the plaintiff's allegations liberally. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam). Courts also must "accept all well-pleaded facts as true and draw reasonable inference in the plaintiff's favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016).

Plaintiff alleges that on March 20, 2021, Sergeant Streit kneeled on Plaintiff's back while taking him into custody. (Dkt. 15, pg. 4; Dkt. 15-2, pg. 2.) Plaintiff was unable to breathe while Streit kneeled on his back and Streit failed to stop kneeling on Plaintiff's back after Plaintiff told him he could not breathe. (Dkt. 15, pg. 4.) Plaintiff passed out while Streit kneeled on his back. (*Id*.) Office Dusek arrived at the scene and Plaintiff regained consciousness. (*Id*.) Officer Dusek failed to intervene to stop Streit from kneeling on Plaintiff's back. (*Id*.)

Plaintiff was taken to a squad car where he needed assistance to get seated and seat belted. (*Id*., pg. 5.) Officer Farrell drove Plaintiff to the hospital after Plaintiff passed out even though he told Farrell he did not want to go to the hospital because he could not afford any medical bills. (*Id*.) After being taken to the hospital, Plaintiff refused a blood draw and asked for air and water. (*Id*.) He does not remember the doctor asking about his condition or taking his vitals. (*Id*.)

The Fourth Amendment requires that officers use only objectively reasonable force when making an arrest. *See Williams v. Brooks*, 809 F.3d 936, 944 (7th Cir. 2016); *Abbott v. Sangamon County, Ill.*, 705 F.3d 706, 724 (7th Cir. 2013) (the reasonableness of the force used is determined by considering "the facts and circumstances that confronted the officer" at the time of the incident). Plaintiff's allegation that Streit used excessive force and committed a battery against him by kneeling on his back warrants further investigation and Plaintiff may move forward on his claim of excessive force and battery (state law claim) against Streit. The allegation that Dusek did nothing to stop Streit after he arrived at the scene also warrants further investigation and he may proceed on his failure to intervene claim against Dusek.

However, Plaintiff fails to allege any unconstitutional conduct by any of the other individuals identified as Defendants in the caption of his amended complaint. A plaintiff "cannot state a claim against a defendant [merely] by including the defendant's name in the caption" of the complaint, as Plaintiff has done here. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *Black v. Lane*, 22 F.3d 1395, 1401 & n.8 (7th Cir. 1994) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed."). Section 1983 is premised on the wrongdoer's personal responsibility; therefore, an individual cannot be held liable in a civil rights action unless he caused or participated in an alleged constitutional deprivation. *Kuhn v. Goodlow*, 678 F.3d 552, 556 (7th Cir. 2012) (citations omitted). The doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See, e.g., Kinslow v. Pullara,* 538 F.3d 687, 692 (7th Cir. 2008). Plaintiff fails to allege any facts of unconstitutional conduct against the other named Defendants and they are dismissed without prejudice.

The Court directs the Clerk to issue summonses for service of the amended complaint on Defendants Streit and Dusek. The Court appoints the U.S. Marshals Service to serve Defendants. With respect to any former employee of the DeKalb Police Department who can no longer be found at the work address provided by Plaintiff, officials must furnish the Marshal with the Defendant's last-known address. The Marshal will use the information only for purposes of effectuating service or to show proof of service, and any documentation of the address shall be retained only by the Marshals Service. Address information will not be maintained in the Court file nor disclosed by the Marshal, except as necessary to serve Defendant. The Court directs the U.S. Marshal to make all reasonable efforts to serve Defendants. The U.S. Marshal is authorized to send a request for waiver of service to Defendants in the manner prescribed by Federal Rule of Civil Procedure 4(d) before attempting personal service.

The Court instructs Plaintiff to file all future papers concerning this action with the Clerk of this Court in care of the Prisoner Correspondent. Every document submitted by Plaintiff must include a certificate of service indicating the date on which Plaintiff gave the document to prison authorities for mailing. Any letters or other documents sent directly to a judge or that otherwise fail to comply with these instructions may be disregarded by the Court or returned to Plaintiff. Plaintiff is advised that he must promptly submit a change-of-address notification if he is transferred to another facility or released. Failure to do so may lead to dismissal of this action for failure to comply with a Court order and for want of prosecution.

Plaintiff's motions for attorney representation are denied without prejudice. "There is no right to court-appointed counsel in federal civil litigation," *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014), but the Court may request that an attorney represent an indigent litigant on a volunteer basis under 28 U.S.C. § 1915(e)(1). In deciding whether to recruit counsel, the Court must engage in a two-step analysis: (1) has the plaintiff made a reasonable attempt to retain counsel on his own or been effectively precluded from doing so; and, if so, (2) given the factual and legal complexity of the case, does the plaintiff appear competent to litigate the matter himself. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007) (en banc). The analysis does not focus solely on the plaintiff's ability to try the case but takes into consideration his ability to gather evidence and prepare and respond to motions. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013). Factors to be considered include: (1) the stage of litigation, *Romanelli v. Suliene*, 615 F.3d 847, 852 (7th Cir. 2010); (2) plaintiff's submissions to date, *Olson*, 750 F.3d at 712; (3) plaintiff's medical and mental health issues, *id.*; (4) whether plaintiff has been transferred to a different facility, *Junior v. Anderson*, 724 F.3d 812, 815 (7th Cir. 2013); (5) plaintiff's intelligence, literacy, education, communication skills, and litigation experience, *Pruitt*, 503 F.3d at 655; and (6) the complexity of the case, *id.* at 655-56. The Court also considers the merits of a plaintiff's claim. *See Watts v. Kidman*, 42 F.4th 755, 766 (7th Cir. 2022).

After considering the above factors, the Court concludes that solicitation of counsel is not currently warranted. The issues in Plaintiff's claims are straightforward and the matter is in the early stages of litigation. *Buford v. Laborers' Int'l Union Local 269*, 787 Fed. App'x 341, 345 (7th Cir. 2019) (finding no error in denying counsel where defendant had yet to answer the complaint). In addition, Plaintiff has some college education and there is nothing required of Plaintiff at this time other than completing a USM-285 form for Defendant Dusek which Plaintiff

has shown he is capable of completing. Accordingly, Plaintiff's motions are denied without prejudice to later renewal.

Date: November 1, 2022　　　　By:　_____
　　　　　　　　　　　　　　　　　　　Iain D. Johnston
　　　　　　　　　　　　　　　　　　　United States District Judge