IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| **Carl Jones (217239),** | ) | |
| Plaintiff, | ) | Case No. 22-cv-50300 |
| | ) | |
| v. | ) | Judge Iain D. Johnston |
| | ) | |
| **Sonny Streit and Elise Dusek,** | ) | Jury Trial Demanded |
| Defendants. | ) | |

**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants Sonny Streit ("Sgt. Streit") and Elise Dusek ("Officer Dusek"), by and through their attorneys, Donahue & Rose, P.C., and pursuant to Fed. R. Civ. Pro. 12, answer Plaintiff's First Amended Complaint, and state as follows:

**I. Excessive Force v. Sgt. Streit (42 U.S.C. § 1983)**

1. Pursuant to the court order dated Nov. 1, 2022 (Dkt. 18, p. 2) (internal citations omitted), "Plaintiff alleges that on March 20, 2021, Sergeant Streit kneeled on Plaintiff's back while taking him into custody. Plaintiff was unable to breathe while Streit kneeled on his back and Streit failed to stop kneeling on Plaintiff's back after Plaintiff told him he could not breathe. Plaintiff passed out while Streit kneeled on his back."

**ANSWER:** Defendant Sgt. Streit denies all allegations in this paragraph. Further answering, Defendant Sgt. Streit denies all material allegations in Plaintiff's First Amended Complaint including, but not limited to, any and all allegations that Sgt. Streit used excessive force in effecting Plaintiff's arrest on March 20, 2021.

**II. Failure to Intervene to Prevent Excessive Force v. Officer Dusek (42 U.S.C. § 1983)**

1. Pursuant to the court order dated Nov. 1, 2022 (Dkt. 18, p. 2) (internal citations omitted), "Plaintiff alleges that on March 20, 2021, Sergeant Streit kneeled on

Plaintiff's back while taking him into custody. Plaintiff was unable to breathe while Streit kneeled on his back and Streit failed to stop kneeling on Plaintiff's back after Plaintiff told him he could not breathe. Plaintiff passed out while Streit kneeled on his back. Officer Dusek arrived at the scene and Plaintiff regained consciousness. Officer Dusek failed to intervene to stop Streit from kneeling on Plaintiff's back."

**ANSWER:** Defendant Officer Dusek denies all allegations in this paragraph. Further answering, Defendant Officer Dusek denies all material allegations in Plaintiff's Amended Complaint including, but not limited to, any and all allegations that: (1) Sgt. Streit used excessive force in effecting Plaintiff's arrest on March 20, 2021; and (2) Officer Dusek unreasonably failed to intervene to prevent Sgt. Streit's alleged excessive force in effecting Plaintiff's arrest on March 20, 2021.

## AFFIRMATIVE DEFENSES

1. Defendants Sgt. Streit and Officer Dusek should be entitled to qualified immunity because they because they did not violate any clearly established constitutional right of which a reasonable person would have known.

2. The "Failure to Intervene" claim in count II of Plaintiff's First Amended Complaint should be dismissed with prejudice because it fails to state a claim upon which relief may be granted.

    Respectfully submitted,

    Defendants Sgt. Sonny Streit and
    Officer Elise Dusek

By:   /s/ Matthew D. Rose
       Defendants' Attorney

Matthew D. Rose, ARDC # 6302878
Donahue & Rose, PC
9501 W. Devon Ave., Ste. 702

Rosemont, IL 60018
312-541-1078 (phone)
mrose@drlawpc.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on December 22, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of said filing to all parties listed below:


              By:     /s/ Matthew D. Rose
                      Matthew D. Rose
                      ARDC #6302878
                      Donahue & Rose, PC
                      9501 W. Devon Ave., Ste. 702
                      Rosemont, IL 60018
                      312-541-1078 (phone)
                      mrose@drlawpc.com