UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Carl Jones, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No.: 3-22-cv-50300 |
| ) | Honorable Iain D. Johnston |
| James Stehlin; Sonny Streit; Elise Dusek; ) | Honorable Margaret Schneider |
| Mason P. Fleury; Kelly K. Sullivan; John E. ) | |
| Loechel; Charles Peter Verdone; Scott R. ) | **JURY TRIAL DEMANDED** |
| Farrell; Tony M. Kwasniewski; Andy Sullivan, ) | |
| *in his official capacity*; David Byrd, *in his* ) | |
| *official capacity*; Dekalb County Sheriff's ) | |
| Office; City of Dekalb Police Department; ) | |
| John Does 1 – 45; and the City of Dekalb, a ) | |
| Municipal Corporation, ) | |
| Defendants. ) | |
| ) | |

### PLAINTIFF CARL JONES' SECOND AMENDED COMPLAINT

Pursuant to the Court's order dated January 3, 2024 (ECF 55), Plaintiff Carl Jones, by and through his undersigned counsel, complains against Defendants James Stehlin, Sonny Streit, Elise Dusek, Mason P. Fleury, Kelly K. Sullivan, John E. Loechel, Charles Peter Verdone, Scott R. Farrell, Tony M. Kwasniewski, Andy Sullivan, David Byrd, the City of Dekalb Police Department, the Dekalb County Sheriff's Office, John Does 1 – 45, and the City of Dekalb, a Municipal Corporation, and states as follows:

### PRELIMINARY STATEMENT

1. This lawsuit arises from Defendants' unconstitutional use of excessive force and other federal and state civil rights violations. Defendants' conduct was perpetuated while acting under the color of state law and in direct violation of Plaintiff Carl Jones' ("Mr. Jones" or "Plaintiff") constitutional rights guaranteed by the Fourth Amendment to the United States

Constitution. This lawsuit seeks damages based upon federal civil rights and state constitutional rights violations committed by Defendants, their employees, and or agents.

## JURISDICTION AND VENUE

2. This case is brought pursuant to 42 U.S.C. § 1983 ("Section 1983") and the Fourth Amendment to the United States Constitution and under the laws of the State of Illinois. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. 1367(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the events giving rise to this Complaint occurred in Dekalb County, Illinois.

## THE PARTIES

4. Plaintiff Carl Jones is a resident of Dekalb County, Illinois at all relevant times alleged herein.

5. Defendant James Stehlin ("Stehlin") was, at all relevant times herein, a deputy with the Dekalb County Sheriff's Office ("DCSO").

6. Defendant Sonny Streit ("Streit") was, at all relevant times herein, a sworn officer with the City of Dekalb Police Department.

7. Defendant Elise Dusek ("Dusek") was, at all relevant times, a sworn officer with the City of Dekalb Police Department.

8. Defendant Mason P. Fleury ("Fleury") was, at all relevant times, a sworn officer with the City of Dekalb Police Department.

9. Defendant Kelly K. Sullivan ("Sullivan") was, at all relevant times, a sworn officer with the City of Dekalb Police Department.

10. Defendant John E. Loechel ("Loechel") was, at all relevant times, a sworn officer with the City of Dekalb Police Department.

11. Defendant Charles Peter Verdone ("Verdone") was, at all relevant times, a sworn officer with the City of Dekalb Police Department.

12. Defendant Scott R. Farrell ("Farrell") was, at all relevant times, a sworn officer with the City of Dekalb Police Department.

13. Defendant Tony M. Kwasniewski ("Kwasniewski") was, at all relevant times, a sworn officer with the City of Dekalb Police Department.

14. Defendant Andy Sullivan ("Sullivan") was, at all relevant times herein, the Sheriff within the Dekalb County Sheriff's Office and is named in his official capacity.

15. Defendant David Byrd ("Byrd") was, at all relevant times herein, the Chief of Police for the City of Dekalb Police Department and is named in his official capacity.

16. Defendant Dekalb County Sheriff's Office ("DCSO") was, at all times alleged herein, responsible for the training and supervision of its sheriff's deputies and for promulgating and implementing policies and procedures relative to arrests and use of force.

17. Defendant City of Dekalb Police Department ("CDPD") was, at all times alleged herein, responsible for the training and supervision of its officers and for promulgating and implementing policies and procedures relative to arrests and use of force.

18. Defendant the City of Dekalb ("City") is a municipal corporation which operates pursuant to the laws and Constitution of the State of Illinois and is a corporate entity capable of suing and being sued.

19. Defendant John Does 1 – 45 were, at all times relevant herein, employees, agents or otherwise of Defendants CDPD and DCSO who had administrative responsibility for investigating complaints of misconduct and training all employees of the CDPD and DCSO as well as supervising medical personal and training of officers and deputies of the CDPD and DCSO.

Any and all identifiable individuals, through discovery or otherwise, are sued in their individual and official capacities.

## ALLEGATIONS COMMON TO ALL COUNTS

20. On March 20, 2021, Jones was en route to pay a utility bill for his family.

21. Defendants responded to an incident at or near the T-Mobile retail store located at 2333 Sycamore Road, Dekalb, Illinois 60115 where, upon information and belief, Plaintiff was involved in a disagreement with another citizen that had been resolved.

22. Upon information and belief and without probable cause, Defendant Streit arrived at the scene and, after some time, subdued Jones on his stomach in a grassy area alongside the highway. Sometime thereafter, Defendants Stehlin, Dusek, and John Does 1- 45 (believed to be a member of the DCSO wearing plain-clothes) applied excessive force to Mr. Jones with a knee to Jones' upper back causing Mr. Jones to suffer severe pain and difficulty breathing. The use of force was objectively unreasonable in light of the circumstances as Mr. Jones posed no threat to himself or any Defendant.

23. Defendant Stehlin was in plain-clothes and did not present himself as a sheriff's deputy or even present a badge until after he, along with the other defendants, had applied excessive force to Plaintiff.

24. While handcuffing Mr. Jones, John Does 1 – 45, Dusek, Streit and Stehlin used excessive force and painfully contorted and applied pressure to Jones' arms, shoulders, and upper back, causing those areas of his body significant injury and pain.

25. Defendants also failed to protect Mr. Jones from further harm by other individuals present at the scene and allowed the purported victim to continue to physically assault Mr. Jones while Defendants had Mr. Jones pinned to the ground and allowing a purported witness to search

Mr. Jones' person and remove his personal belongings from his person. These acts are in direct contravention of policy and procedure and exposed Mr. Jones to other possible harm.

26. All other Defendants failed to intervene or offer Mr. Jones any aid during the violation of his rights. Instead, John Does 1 – 45 engaged other individuals present at the scene of the incident.

27. Due to an earlier incident with another citizen in the area, Jones was exhausted and unable to move on his own and struggled to inform Defendants that he was unable to breathe.

28. After gaining consciousness, Jones noticed multiple other officers and deputies had arrived at the scene and that his personal belongings had been removed from his person. Again, Defendants allowed another citizen to search Mr. Jones' person and remove items from his person and thereby exposed Mr. Jones to further harm.

29. Once placed in the back of the squad car, Mr. Jones made multiple requests for air and water. No water was provided, and Defendants allowed air to flow by lowering the back windows slightly.

30. Due to Mr. Jones' state, he was transported from the squad car to an ambulance and taken to the Kishwaukee Community Hospital for examination and treatment as a result of his interaction with Defendants.

31. While in custody at the hospital, Jones objected to the withdrawal of blood and only requested water and air.

32. Upon information and belief, Defendants Sullivan, Byrd, the CDPD and the DCSO provide training and policies relative to responses to incidents and the arrest and custody of individuals and promulgated those policies and procedures to its Defendants before March 20, 2021.

**COUNT I – Violation of Civil Rights (Section 1983)**
**Fourth Amendment – Use of Excessive Force**
**Against Stehlin, Streit, and Dusek**

33. Mr. Jones incorporates and realleges Paragraphs 1 – 32 as if fully set forth herein for Paragraph 33.

34. As described above, Defendants Stehlin, Streit and Dusek used excessive force that was objectively unreasonable against Mr. Jones on March 20, 2021, without provocation and without legitimate penal justification, and all other named Defendants failed to stop the unprovoked and unjustified excessive use of force against Jones.

35. While applying this excessive use of force with a knee to Mr. Jones' back, Defendants acted under the color of state law and violated the constitutional rights guaranteed to Jones by the Fourth Amendment of the United States Constitution and these actions were not taken in good-faith.

36. The Fourth Amendment of the United States Constitution protects Jones, like any other citizen, from the use of excessive force.

37. Defendants' actions were performed under color of state law.

38. Defendants' actions were unnecessary, unreasonable, unlawful, and unjustified.

39. As a direct and proximate result of Defendants' unreasonable and unlawful actions, Plaintiff suffered and continues to suffer substantial past and future damages, both compensatory and general, including, but not limited to, medical bills, loss of income, severe emotional distress, mental anguish, embarrassment, humiliation, and physical pain and suffering.

**COUNT II – Violation of Civil Rights (Section 1983)**
**Fourth Amendment – Failure to Intervene**
**Against Dusek, Stehlin, Streit, Fleury, Sullivan, Loechel, Verdone, Farrell, Kwasniewski**
**and John Does 1 – 45**

40. Plaintiff incorporates and realleges the allegations set forth in Paragraphs 1 – 39 for Paragraph 40 as if fully set forth herein.

41. Defendants, individually and collectively, had a duty to intervene when other Defendants Stehlin, Streit and Dusek violated Jones' constitutional rights, which resulted in the infliction of excessive force upon Plaintiff.

42. Each Defendant observed and/or had reason to know that excessive force was being inflicted upon Plaintiff without legitimate goal or justification and had the opportunity and means to prevent the excessive use of force and/or violations of Plaintiff's constitutional rights.

43. An officer is liable under Section 1983 for failure to intervene to prevent other law enforcement officers from infringing upon a citizen's constitutional rights if the officer had reason to know "(1) that excessive force was being used, (2) that a citizen has been unjustifiably arrested, or (3) that any constitutional violation has been committed by a law enforcement officer, *and* the officer had a realistic opportunity to intervene to prevent the harm from occurring." *Littrell v. Gulbrantson*, No. 15 CV 50011, 2018 WL 2933664, at *10 (N.D. Ill. June 12, 2018).

44. Defendants failed to intervene while Mr. Jones' constitutional rights were violated and had the opportunity to prevent further harm to Mr. Jones.

45. As a direct and proximate result of Defendants' unreasonable and unlawful actions, Plaintiff suffered and continues to suffer substantial past and future damages, both compensatory and general, including, but not limited to, medical bills, loss of income, severe emotional distress, mental anguish, embarrassment, humiliation, and physical pain and suffering.

**COUNT III – Violation of Civil Rights (Section 1983)**
*Monell* **Liability – Unconstitutional Policy, Custom, or Procedure**
**Against the City, DCSO, CDPD, Sullivan and Byrd**

46. Plaintiff incorporates and realleges Paragraphs 1 – 45 for Paragraph 46 as if fully set forth herein.

47. DCSO and CDPD are both law enforcement agencies in the City of Dekalb, Dekalb County, Illinois.

48. The City is a "policymaker" with respect to all acts alleged herein. Sullivan is the Sheriff of DCSO and is the "policymaker" with respect to the DCSO, as a law enforcement agency. Similarly, Byrd, as the Chief of CDPD, serves as a "policymaker" of that law enforcement agency. At all times relevant, Defendants' policies were the driving force leading to the violation of Mr. Jones' constitutional rights. *Thomas v. Cook Cnty. Sheriff's Dep't*, 604 F.3d 293, 306 (7th Cir. 2010).

49. Municipal liability can attach under *Monell v. Department of Social Services,* 436 U.S. 658 (1978), for even a single decision made by a final policymaker in certain circumstances, regardless of whether or not the action is taken once or repeatedly. *See Pembaur v. City of Cincinnati,* 475 U.S. 469, 481, 106 S. Ct. 1292, 89 L. Ed. 2d 452 (1986). If an authorized policymaker approves a subordinate's decision and the basis for it, such ratification would be chargeable to the municipality under *Monell*. *See City of St. Louis v. Praprotnik,* 485 U.S. 112, 127 (1988).

50. Sullivan, as the sheriff and policymaker for the Dekalb County Sheriff's Office, Byrd, as the Chief of Police for the City, and the City have a custom, pattern, practice and procedure of training, supervising and implementing policies as it relates to the arrest and detention of citizens.

51. Upon information and belief, both the DCSO and CDPD have a systemic pattern and practice of violating citizens' constitutional rights through the continued implementation of unconstitutional policies and procedures. The policies include the (i) use of force, (ii) application of handcuffs; and (iii) other conduct violations.

52. Plaintiff is informed, believes, and thereupon alleges that the policies, practices, customs, and procedures are intentional and/or the result of deliberate indifference on the part of Defendants, by and through their decision-makers.

53. The foregoing unconstitutional customs and practices were a direct and legal cause of harm to Plaintiff, including Defendants' failure to protect Mr. Jones from further harm by others at the scene of the incident.

54. Plaintiff specifically alleges that Defendants' policy, custom, practices, and procedures, as described herein, were within Defendants' control and with the feasibility of Defendants to alter, adjust, correct or modify so as to prevent some or all of the unlawful acts and injury complained of herein by Plaintiff.

55. As a direct and proximate result of Defendants' unreasonable and unlawful actions, Plaintiff suffered and continues to suffer substantial past and future damages, both compensatory and general, including, but not limited to, medical bills, loss of income, severe emotional distress, mental anguish, embarrassment, humiliation, and physical pain and suffering.

56. Pursuant to *Monell v. Department of Social Services of New York*, 436 U.S. 658 (1978), (i) DCSO, through its policymaker, Sullivan (and possibly other policymakers whose identities are not yet known) and (ii) CDPD, through its policymaker, Byrd, are liable for the harms and losses sustained by Plaintiff.

**COUNT IV– Violation of Civil Rights (Section 1983)**
*City of Canton* **Liability – Failure to Train and Supervise**
**Against the City DCSO, CDPD, Sullivan, and Byrd**

57. Plaintiff incorporates and realleges Paragraphs 1 – 56 for Paragraph 57 as if fully set forth herein.

58. Defendants violated Plaintiff's constitutional rights, as alleged herein, by creating and maintaining unconstitutional practices relating to:

   a. A failure to adequately train and supervise employees, officers, managers, and supervisors within the DCSO and CDPD, respectively, as to the legal requirements and protections applicable to persons as set forth in the United States Constitution and laws of the State of Illinois.

   b. Defendants' actions complained of herein reflect a deliberate indifference to Plaintiff's rights and a failure to adequately train and supervise employees and officers relative to detaining individuals, arrest, use of force and application of restraints. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011).

   c. Defendants' actions in allowing a civilian bystander to search Mr. Jones' person for weapons while he was being restrained reflects a failure to adequately train and supervise employees and officers relative to detaining individuals, lawful searches and seizures, the proper performance of their duties in high intensity scenarios, and the rights afforded to individuals under the Fourth Amendment of the United States Constitution.

59. The foregoing unconstitutional customs and practices were a direct and legal cause of harm to Plaintiff and, in circumstances present here, liability under Section 1983 may attach. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 387 (1989).

60. If Defendants were properly trained, Mr. Jones would not have suffered any injury or violation of his constitutional rights.

### COUNT V – Intentional Infliction of Emotional Distress
### Against All Defendants

61. Plaintiff incorporates and realleges Paragraphs 1 – 60 for Paragraph 61 as if fully set forth herein.

62. As described above, Defendants' conduct was extreme and outrageous, including without limitation using excessive force against Mr. Jones without provocation or justification, forcing Mr. Jones to suffer harm.

63. Defendants either intended to inflict emotional distress upon Mr. Jones when engaging in this conduct, or knew that there was a high probability that such conduct would result in such distress.

64. Defendants' conduct caused Mr. Jones to suffer severe emotional distress that no reasonable person could be expected to endure.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Carl Jones, demands judgment against the Defendants as follows:

a) Compensatory damages for all past and future economic losses and expenses incurred by the Plaintiff as a result of Defendants' misconduct;

b) A declaration that Defendants violated Plaintiff's constitutional rights in contravention of the protections of the Fourth Amendment to the United States Constitution through their unreasonable use of excessive force; failure to intervene; failure to train and supervise, and maintenance of unconstitutional policies and procedures;

c) For reasonable attorneys' fees and costs against all Defendants, including reasonable attorneys' fees in accordance with 42. U.S.C. §1988 and any other applicable provisions;

d) Enjoin Defendants from the continued implementation of unconstitutional policies and procedures;

e) Order the Defendants to adopt and implement policies and procedures, training and accountability systems and practices to remedy the constitutional and statutory violations described herein;

f) For costs of suit; and

g) For such further relief the Court deems just and proper.

**Plaintiff also requests a trial by jury on all issues so triable.**


Dated: January 3, 2024.

        Respectfully submitted,

        **CARL JONES**

        By: /s/ Joshua L. Harris
        One of His Attorneys

        Justin L. Weisberg (ARDC No. 6210397)
        Joshua L. Harris (ARDC No. 6331095)
        Robbins DiMonte, Ltd.
        180 N. LaSalle Street, Ste. 3300
        Chicago, IL 60601
        jweisberg@robbinsdimonte.com
        jharris@robbinsdimonte.com
        T: 312-782-9000

**Certificate of Service**

  The undersigned certifies that on January 3, 2024, I filed the foregoing Plaintiff's Second Amended Complaint using the District Court's CM/ECF System which will serve a copy of same on all counsel of record.

              */s/ Joshua L. Harris*
              Joshua L. Harris

              *Counsel for Plaintiff Carl Jones*