# EXHIBIT 4

**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| **GEORGE T. CYRIL, SR.,**<br><br>　　　　　　　**Plaintiff,**<br>　　v.<br><br>**JOSE PEREIRA, JR., JOSE CARRERO, CARIBBEAN SCRAP METAL, CARIBBEAN BARGE, A.R. SAVAGE & SON, LLC,**<br><br>　　　　　　　**Defendants.**<br>_____ | **1:16-cv-00017-WAL-EAH** |

**TO:**　Ronald E. Russell, Esq.
　　　　Stefan B. Herpel, Esq.
　　　　Charlotte K. Perrell, Esq.
　　　　Justin L. Weisberg, Esq.
　　　　Alisha Udhwani, Esq.

**FIRST AMENDED SCHEDULING ORDER**

**THIS MATTER** comes before the Court on the Motion for Extension of Time, filed on June 23, 2024 by Attorney Ronald Russell on behalf of Plaintiff George T. Cyril. Dkt. No. 167. Attorney Russell requests that the Court extend the deadline for the parties to complete discovery to September 30, 2024.[1] *Id*. In support of this request, he argues that he has been ill for two weeks and has had to postpone depositions. Additionally, the depositions scheduled for June 24th "conflict with a criminal matter that requires plaintiffs(sic) counsel to appear personally in a very difficult murder case." *Id*. Thus, the parties may have to reschedule some depositions, but Attorney Russell will be in trial "for the remainder of the week." *Id*. Finally, the confirmation of the death of former plaintiff Everette S. Jonas "has changed the dynamic of plaintiff's

---

[1] The Court had previously set the discovery deadline for June 28, 2024 in its December 11, 2023 Scheduling Order. Dkt. No. 146.

*Cyril v. Pereira*
1:16-cv-00017-WAL-EAH
First Amended Scheduling Order
Page 2

presentation." *Id*. Attorney Russell represents that "defense counsel has been contacted and has no objection to the extension of time due to the fact that the outstanding depositions are necessary in this matter." *Id*.

On July 8, 2024, the Court held a hearing on the instant motion. Attorney Russell repeated many of the explanations in his motion for why an extension was warranted, but the Court found most of these explanations to be unconvincing. First, Attorney Russell clarified at the hearing that the trial described in his motion did not go forward on June 24, 2024, but instead occurred the prior week. However, Attorney Russell filed the instant motion on June 23rd, and thus the Court does not consider the statements in his motion regarding the trial to be credible. Second, while Attorney Russell argued that the death of Jonas changed the dynamic of Plaintiff's presentation, Attorney Russell informed the Court of his death at the December 2023 Initial Conference. Accordingly, this would not provide a basis for modification of the Scheduling Order issued after the Initial Conference. Neither Attorney Russell, nor the attorneys for Defendants, who agreed that an extension was needed, provided any adequate explanation of why the parties could not complete discovery in the six months that the Court provided them.

The Court ultimately agreed to extend the discovery deadline and the remaining deadlines in the Scheduling Order, Dkt. No. 146, as both parties stressed the need to conduct several more depositions. However, the Court made clear that there would be no further

*Cyril v. Pereira*
1:16-cv-00017-WAL-EAH
First Amended Scheduling Order
Page 3

extension to any deadlines without establishing extenuating circumstances, and the Court will sanction any party who fails to comply with future deadlines absent excusable neglect.

Accordingly, it is now hereby **ORDERED**:

1. Cyril's Motion for Extension of Time, Dkt. No. 167, is **GRANTED IN PART AND DENIED IN PART**.

2. The motion is **DENIED** to the extent that it requests an extension of the discovery deadline to September 30, 2024.

3. The motion is **GRANTED** to the extent that the Court's December 11, 2023 Scheduling Order, Dkt. No. 146, is **AMENDED** as follows:

   a. All factual discovery and fact witness depositions, shall be completed on or before **August 9, 2024**.

   b. Any motion to amend the pleadings or to join additional parties shall be filed on or before **August 23, 2024**.

   c. Mediation shall be completed no later than **September 6, 2024** and shall be conducted pursuant to Local Rules of Civil Procedure Rule 3.2. If both parties find that mediation would be futile, they shall jointly file an appropriate motion for the Court's consideration.

   d. Plaintiff's experts shall be named and copies of their opinions, as provided in Fed. R. Civ. P. 26(a)(2), shall be served no later than **September 20, 2024.**

   e. Defendant's experts shall be named and copies of their opinions, as provided in Fed. R. Civ. P. 26(a)(2), shall be served no later than **October 20, 2024.**

*Cyril v. Pereira*
1:16-cv-00017-WAL-EAH
First Amended Scheduling Order
Page 4

    f. All experts' depositions, as provided in Fed. R. Civ. P. 26(a)(2), shall be completed no later than **November 15, 2024**. No rebuttal reports are allowed without leave of Court.

    g. All dispositive motions—including *Daubert* motions—shall be filed on or before **January 17, 2025**. No extensions for filing opposition or reply briefs are allowed without leave of Court. If no dispositive motions will be filed in the case, the parties shall file, no later than **January 10, 2025**, a joint notice stating that the parties have not filed and do not intend to file any dispositive motions.

    h. A status conference is scheduled for **September 12, 2024**, at **11:30 a.m. in person** before the undersigned U.S. Magistrate Judge in STX Courtroom 3.

    i. Pretrial filing deadlines and the trial date will be set by further order of the Court.

    j. The Court shall not entertain any changes to the deadlines set forth in this order barring extenuating circumstances.

                                                    ENTER:

Dated: July 9, 2024                             /s/ Emile A. Henderson III
                                                  EMILE A. HENDERSON III
                                                  U.S. MAGISTRATE JUDGE