**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| Carl Jones | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No.: 3-22-cv-50300 |
| | ) | Honorable Iain D. Johnston |
| Stehlin Streit, et al., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

**PLAINTIFF'S RESPONSE TO DEKALB COUNTY DEFENDANTS' S**
**MOTION TO DISMISS**

Now comes Plaintiff Carl Jones by and through its attorneys Justin L. Weisberg and Jianan

Jiang and for its response to DeKalb County Defendants Motion to Dismiss the Second Amended

Complaint, States as follows:

**INTRODUCTION**

In the present case, County Defendants rely upon the statute of limitations as their primary

argument in their motion seeking dismissal of DeKalb County Sheriff's Office ("DCSO") and

James Stehlin.    However, contrary to the assertions by the DCSO and Stehlin, the screening

process by the Court pursuant to 28 U.S.C. § 1915A was not the dismissal of a **suit** eliminating

the tolling period created by the filing of the original complaint by Carl Jones.

Alternatively, if the Court were to determine that James Stehlin was not properly named in

the original complaint where his last name was in the caption and body of the complaint and his

entire name was in the referenced exhibit, the correction of the mistake related back to the original

complaint pursuant to FRCP 15(c). And, even if FRCP 15(c) does not apply, equitable tolling should apply.

In addition, Plaintiff to adequately alleged *Monell, City of Canton* and Intentional Infliction of emotional distress claims against the County Defendants.

## ARGUMENT

### A. PLAINTIFF'S CLAIMS AGAINST THE DEKALB COUNTY DEFENDANTS ARE NOT BARRED BY THE STATUTE OF LIMITATIONS.

Allegations that a claim is barred by an applicable statute of limitations is an affirmative defense normally asserted in an answer. *See* Fed.R.Civ.P. 12(b). However, "[where the dates in a complaint show that an action is barred by a statute of limitations, a defendant may raise the affirmative defense in a pre-answer motion to dismiss]" for failure to state a claim. *Emps. Committed For Just. v. Eastman Kodak Co.,* 407 F. Supp. 2d 423, 438 (W.D.N.Y. 2005). However, when choosing to raise the defense in a pre-answer motion, however, the defendant faces a "higher burden." A defendant presenting an affirmative defense "on a Rule 12(b)(6) motion instead of a motion for summary judgment must accept the more stringent standard applicable to this procedural route. Not only must the facts supporting the defense appear on the face of the complaint, but, as with all Rule 12(b)(6) motions, the motion may be granted only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Factual allegations in briefs or memoranda may not be considered. *Id* [Citing to *McKenna v. Wright,* 386 F.3d 432 (2d Cir.2004)].

In the present case, DeKalb defendants claim that Plaintiff cannot name defendants the County of DeKalb or Deputy James Stehlin in the amended complaint because the statute of limitations has run. However, DeKalb County was named in the original complaint and amended

complaint and dismissed from the amended complaint as part of the Court's screening process pursuant to 28 U.S.C. § 1915A. James Stehlin appeared on the caption by last name as Stehlin Streit. As part of the screening process Sonny Streit became a party, although James Stehlin did not become a party through the screening. However, the suit was not dismissed so the tolling period continued to run. Alternatively, even if Stehlin was not named the failure to correctly identify his first name was a mistake and relates back to the original complaint pursuant to FRCP 15(c).

1. **Amendment Renaming Dekalb County Was Not Beyond the Statute Of Limitations.**

Dismissals under section 1915(e) should be treated like dismissals under Rule 12(b)(6). This approach also enjoys support from the Supreme Court, which, when considering the pleading rules that circuits developed to ensure satisfaction of the Prison Litigation Reform Act's requirement to exhaust administrative remedies, explained that "the PLRA's screening requirement does not—explicitly or implicitly—justify deviating from the usual procedural practice beyond the departures specified by the PLRA itself." *Jones v. Bock,* 549 U.S. 199, 214, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007).

Section 1915(e) not only permits granting IFP plaintiffs leave to amend complaints dismissed for failure to state a claim but also to requires granting IFP plaintiffs leave to amend their complaints at least once when Rule 15(a) would allow amendment in the case of fee-paying litigants. *Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022–27 (7th Cir. 2013).

There is no difference between IFP and fee-paying litigants upon a dismissal without prejudice. They are equally entitled to amend as a matter of right, and an amended complaint within the scope of Rule 15(a) relates back to an original, timely-filed complaint. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022–27 (7th Cir. 2013).

Distinguishing from *Elmore v. Henderson,* 227 F.3d 1009 (7th Cir.2000), the *Luevano* Court noted: As we explained in *Elmore,* "a suit dismissed without prejudice is treated for statute of limitations purposes as if it had never been filed," and this rule is needed to prevent nullification of statutes of limitations by repeated filings and dismissals. 227 F.3d at 1011. Wal–Mart contends that the July 9, 2010 order in this case had the effect of dismissing Luevano's suit without prejudice, so that for purposes of the statute of limitations, it is as if her original and timely complaint had never been filed. *Luevano,* 722 F.3d at 1025-1026.

However, *Elmore*, did not apply to the facts in *Luevano* a simple reason. *Id.* In *Elmore*, the earlier case had been dismissed with final judgments that dismissed the entire cases without prejudice. Unlike *Elmore,* in *Luevano*, the July 9, 2010 order dismissed only the complaint, not the entire case. The timely-filed case remained pending, and plaintiff could amend her complaint to address the problems found by the district court. *Elmore* therefore did not undermine the *Luevano* Court's conclusion that the July 9, 2010 order was not final and did not ripen into a final judgment on July 14, 2010. *Id.*

Consequently, under the rationale of *Luevano* both DeKalb County and Stehlin have been named in the caption of the original complaint, and the amended complaint which still remained pending the time of the Second Amended Complaint, were still within in the limitations period of the present matter.

County defendants rely upon *Wilson v. Wexford Health Sources, Inc.,* 932 F.3d 513, 518 (7th Cir. 2019)*,* for the proposition that when a **suit** is dismissed, for statute of limitation purposes it is if the original case was never even filed. However, *Wexford* does not apply to the instant case by Carl Jones, because in the present case, the suit was never dismissed, instead, initially only the complaint was dismissed and the amended complaint was subsequently accepted with certain

parties dismissed. In contrast, initially Wilson filed a complaint in May 2013. After several amendments and years of discovery, the court dismissed that complaint without prejudice, because Wilson was still pursuing administrative remedies within Stateville. See Ford v. Johnson, 362 F.3d 395, 398 (7th Cir. 2004). By the time Wilson refiled the complaint, it was August 2016. *Wilson v. Wexford Health Sources, Inc., 932 F.3d 513, 518 (7th Cir. 2019).* As noted by the 7th Circuit in the *Luevano,* case, cases where the entire suit is dismissed are not relevant to cases where only a complaint is dismissed. *Luevano,* 722 F.3d at 1025-1026.

## 2. Stehlin Was a Named Defendant in the Original Complaint and the Amended Complaint

A *pro se* plaintiff who brings a civil rights action should be "fairly freely" afforded an opportunity to amend his complaint, even if he makes the request after the court has entered judgment dismissing his original complaint. *Satchell v. Dilworth*, 745 F.2d 781, 785 (2d Cir. 1984). In essence, a *pro se* litigant should be afforded every reasonable opportunity to demonstrate that he has a valid claim. *Id.*

Although Rule 10(a) of the Federal Rules of Civil Procedure requires that the caption of a pleading name all the parties to a lawsuit, "the caption itself is normally not determinative of the identity of the parties or of the pleader's statement of claim." *E.E.O.C. v. Int'l Ass'n of Bridge, Structural & Ornamental Ironworkers, Local 580*, 139 F. Supp. 2d 512, 525 (S.D.N.Y. 2001). (internal quotations omitted). The caption, pleadings, service of process and other indications of the intent of the pleader, are evidence upon which a district court will decide, in cases of doubt, whether an entity has properly been made a party to a lawsuit. *Id.*

"[I]n a pro se case when the plaintiff names the wrong defendant in the caption or when the identity of the defendants is unclear from the caption, courts may look to the body of the complaint to determine who the intended and proper defendants are. *JCG v. Ercole*, No. 11 CIV. 6844 CM JLC, 2014 WL 1630815, at *16 (S.D.N.Y. Apr. 24, 2014), *report and recommendation adopted*, No. 11 CIV. 6844 CM JLC, 2014 WL 2769120 (S.D.N.Y. June 18, 2014).

In *O'Neal v. Cnty. of Nassau*, 992 F. Supp. 524, 531–32 (E.D.N.Y. 1997), Plaintiff's *pro se* complaint sufficiently alleged defendants direct, personal involvement in the alleged deprivation of his constitutional rights even though the subject defendants were not identified as defendants in the caption of text of the complaint. Within the text of the complaint, Mr. O'Neal identifies the three NCDSS supervisors and presents explicit allegations that each struck him in some manner. *O'Neal v. Cnty. of Nassau*, 992 F. Supp. 524, 531–32 (E.D.N.Y. 1997).

The general rule is that in the caption of the complaint, "the title of the action shall include the names of all the parties." Fed.R.Civ.P. 10(a). But in a pro se case when the plaintiff names the wrong defendant in the caption or when the identity of the defendants is unclear from the caption, courts may look to the body of the complaint to determine who the intended and proper defendants are. *Trackwell v. U.S. Gov't,* 472 F.3d 1242, 1243–44 (10th Cir. 2007).

In the present case the pro se Plaintiff, Jones did name defendant Stehlin in the caption, although without the correct first name. In addition, Jones attached a police report as an exhibit to the complaint which did have James Stehlin's correct first name. Plaintiff did incorporate the police report by reference in the body of his Amended Complaint at Section IV. Statement of Claim. The police report did have the entire name of James Stehlin as the second officer to arrive on the scene. Dkt. No. 15.

**3. Even If The Court Were To Determine That Incorrectly Naming Deputy James Stehlin As Stehlin Streit Was Not Sufficient To Allow The Naming James Stehlin Under FRCP Rule 15(A) Amendment Should Be Allowed Under FRCP Rule 15(C).**

Under Rule 15(c):

**(c) Relation Back of Amendments.**

**(1) *When an Amendment Relates Back.*** An amendment to a pleading relates back to the date of the original pleading when:

> **(A)** the law that provides the applicable statute of limitations allows relation back;
>
> **(B)** the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
>
> **(C)** the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> > **(i)** received such notice of the action that it will not be prejudiced in defending on the merits; and
> >
> > **(ii)** knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c).

Any notice received by Stalin regarding the original complaint within 90 days would have met the requirements under Rule 4(c).

Rule 15(c) does not require that the new defendants received actual notice. It is enough that the new defendants received constructive notice of the suit. Under some circumstances, notice can also be imputed to a new defendant. *Berndt v. State of Tenn.*, 796 F.2d 879, 884 (6th Cir. 1986). Where the complaint alleges in substance that the new defendants committed the illegal acts and are officials of the original defendant, that relationship may imply receipt of sufficient notice. *Id.*

The present case the Plaintiff identified a defendant as Mr. Stehlin Streit rather than James Stehlin in his original and amended complaint. Mr. James Stehlin was involved in the arrest and the County was originally named, although it was dismissed. has been incarcerated since the filing of its original complaint. oral motion to stay the instant case pending Plaintiff's criminal case on July 18, 2023.

Instead of asserting that they lacked notice, Wang and Garcia's only argument on appeal is that naming a "Doe" defendant does not constitute a "mistake" under Rule 15(c)(1)(C)(ii). They invoke the decisions of several of our sister circuits in support of this contention. *See, e.g.*, *Herrera v. Cleveland*, 8 F.4th 493, 497 (7th Cir. 2021); *Winzer v. Kaufman Cnty.*, 916 F.3d 464, 471 (5th Cir. 2019); *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019).

Rule 15(c)'s "emphasis on notice, rather than on the type of 'mistake' that has occurred, saves the courts ... from an unguided and therefore undisciplined sifting of reasons for an amendment." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 473 (4th Cir. 2007).

The question under Rule 15(c)(1)(C)(ii) is what the prospective defendant reasonably should have understood about the plaintiff's intent in filing the original complaint against the first defendant. To the extent the plaintiff's postfiling conduct informs the prospective defendant's understanding of whether the plaintiff initially made a "mistake concerning the proper party's identity," a court may consider the conduct. Post-filing events occasionally can shed light on the plaintiff's state of mind at an earlier time" and "can inform *a defendant's* reasonable beliefs concerning whether her omission from the original complaint represented a mistake (as opposed to a conscious choice. The plaintiff's postfiling conduct is otherwise immaterial to the question whether an amended complaint relates back. *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 553–54, 130 S. Ct. 2485, 2496–97, 177 L. Ed. 2d 48 (2010).

In the present case there is at a minimum a reasonable indication of constructive notice that Deputy Stehlin would have anticipated being named in the complaint. His last name was in the caption and body of the complaint, his employer was also named in the complaint, the fact that Mr. Stehlin responded to the incident giving rise to the complaint indicating the close working relationship between the DeKalb City Police and the DeKalb County Sheriff such that DeKalb County and Stehlin would have known about the complaint against them.

4. **Even If Rule 15(c) Does Not Apply, Equitable Tolling Should Apply.**

The doctrine of equitable tolling "permits a plaintiff to sue after the statute of limitations has expired if through no fault or lack of diligence on his part he was unable to sue before, even though the defendant took no active steps to prevent him from suing." *Singletary v. Continental Illinois Nat'l Bank and Trust Co. of Chicago*, 9 F.3d 1236 (7th Cir.1993). Other factors which may justify equitable tolling are "that a claimant has received inadequate notice; [that] a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon; [that] the court has led the plaintiff to believe that she had done everything required of her." *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 151, 104 S.Ct. 1723, 1725–26, 80 L.Ed.2d 196 (1984).

Here, the Plaintiff has named "Stehlin Streit" and DCSO in his First Amended Complaint filed on October 31, 2022, within the § 1983 two-year statute of limitations period. And the Plaintiff's claims against DCSO were dismissed without prejudice for failure to state a claim, November 1, 2022 Order Dkt No. 67, at 2. Plaintiff was a *pro se* litigant and was incarcerated at the time, so he did not have access to the necessary legal resources to research and draft a properly pleaded complaint against James Stehlin, Sullivan, and DCSO. Plaintiff had made four motions

for attorney representation,[1] and the first recruitment of counsel occurred on March 1, 2023,[2] mere 18 days before the expiration of the statute of limitations. It was only on April 7, 2023 that the current counsel for Plaintiff was recruited.[3] It was not until April 20, 2023, after the expiration of the statute of limitations, that the Plaintiff secured attorney representation.[4] Before March 20, 2023, when the statute of limitations expired, it could not be reasonably expected of the Plaintiff to know what to do after he drafted a complaint against Stehlin Streit and DCSO, those claims were dismissed, and the Plaintiff was inside a prison, unable to gather or review new evidence, such as the police camera footage, for him to properly file claims against James Stehlin, Sullivan, and DCSO.

Court has held that a *pro se* inmate at a state correctional facility is at a particular disadvantage in trying to discover individuals and/or gather information that is related to his physical injuries. *See White v. Cooper*, 55 F. Supp. 2d 848, 856 (N.D. Ill. 1999); *Duncan v. Duckworth*, 644 F.2d 653, 656 (7th Cir. 1981); *Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548 (7th Cir. 1996).

In *White*, the Court allowed equitable tolling when the *pro se* inmate plaintiff who was proceeding *in forma pauperis* was unable to discover the identities of the prison workers that were related to his smoke inhalation injury.

Just as in *White*, it was impossible for Jones to identify the exact wrongdoing or identify of James Stehlin, Sullivan, and DCSO without doing pre-trial discovery and reviewing police camera footage. *White*, 55 F. Supp. 2d ,at 856 (holding "[i]dentification of possible defendants in any case where a plaintiff's injuries resulted from the actions of unknown tortfeasors is nearly

---

[1] Plaintiff made 4 motions for attorney representation. Dkt. Nos. 4, 10, 19, 26.
[2] Dkt. No. 35.
[3] Dkt No. 42.
[4] Dkt No. 43.

impossible without the aid of pretrial discovery.").

Therefore, the doctrine of equitable tolling is appropriate to suspend the running of the statute of limitations "for such time as was reasonably necessary to conduct the necessary inquiry." *Cada v. Baxter Healthcare Corporation*, 920 F.2d 446, 451 (7th Cir. 1990).

And, the Plaintiff's counsel, after conducting necessary inquiry and reviewing police files, did file a Second Amended Complaint, including claims against James Stehlin, Sullivan, and DCSO. Therefore, it should be held that claims against these defendants were timely filed.

## B. COUNT III STATED A SUFFICIENT *MONELL* CLAIM BASED ON THE DEKALB COUNTY'S ALLEGEDLY UNCONSTITUTIONAL POLICY.

*Monell* claims are not subject to a heightened pleading standard. *See Est. of Sims ex rel. Sims v. County of Bureau*, 506 F.3d 509, 514 (7th Cir. 2007). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). And, "there is no blanket rule that Monell plaintiffs must always allege multiple instances of unconstitutional conduct in order to show that a policy exists." *Jackson v. Vill. of Justice*, 2020 WL 1530734, *3 (N.D. Ill. Mar. 31, 2020).

A plaintiff does not have to come forward with facts proving a widespread practice at the pleading stage – he need only state a plausible claim for relief. *See Shields v. City of Chicago*, 2018 WL 1138553, at *4 (N.D. Ill. 2018) ("[T]he City's arguments that Plaintiff's allegations do not 'establish' the existence of a widespread policy are misplaced because at this stage of the proceedings, the Court must determine whether Plaintiff has stated a plausible claim for relief, not that he has 'established' or 'proven' his claims."); *see also Ohlrich v. Vill. of Wonder Lake*, 22 F. Supp. 3d 874, 877 (N.D. Ill. 2014) (*Monell* claim survive MTD when "[Plaintiff] claims Nygren is an official policymaker and is liable for failing to supervise his officers and for 'overlooking and preserving the unconstitutional practices, policies, and customs' of effectuating false arrests,

using excessive force, condoning a code of silence, failing to discipline officers for misconduct, and failing to adequately investigate complaints against officers. Plaintiff claims Nygren's inaction amounts to deliberate indifference. He also alleges that Nygren's failure to correct the above practices and customs caused his constitutional rights to be violated.").

In *White v. City of Chicago*, 829 F.3d 837 (7th Cir. 2016), the Seventh Circuit hold that "[i]n accordance with a widespread practice of the police department of the City of Chicago: O'Donnell requested the judge to issue a warrant on the basis of O'Donnell's conclusory allegation that other law enforcement officers claimed or believed plaintiff had committed an offense, and O'Donnell did not present the judge with an affidavit setting out any affirmative allegation of facts that would indicate that plaintiff had committed an offense." is sufficient for *Monell* claim pleading.

Here, the Plaintiff has alleged that "Defendants have a systemic pattern and practice of violating citizens' constitutional rights through the continued implementation of unconstitutional policies and procedures. The policies include the (i) use of force, (ii) application of handcuffs; and (iii) other conduct violations." SAC ¶ 51. This allegation points to the County's specific policy on the use of force and application of handcuffs that resulted in Deputy Stehlin's kneeling on the back of the Plaintiff for an extended period of time, not presenting his badge, and an unnecessarily tightened handcuff to cause pain. SAC ¶¶ 22-24. Further, the County's policies on "other conduct violations" allow Stehlin to allow other individuals present at the scene to continue to physically assault Mr. Jones and allow non-police individuals to search Mr. Jones. SAC ¶ 25. These are at least ample allegations to suggest and unconstitutional policy exists at DCSO. So, Defendants argument that Plaintiff failed to directly identify or suggest an allegedly unconstitutional policy fails.

Therefore, Plaintiff's *Monell* claim should not be dismissed. At least, Plaintiff should be

allowed to conduct limited discovery into DeKalb County Defendants' policies and a chance to amend the Complaint.

### C. COUNT IV STATED A SUFFICIENT *MONELL* CLAIM BASED ON INADEQUATE POLICE TRAINING.

Plaintiff has alleged the specific lack inadequacy of police training that DCSO provided. As "Defendants' actions complained of herein reflect a deliberate indifference to Plaintiff's rights and a failure to adequately train and supervise employees and officers relative to detaining individuals, arrest, use of force and application of restraints. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011)" and "Defendants' actions in allowing a civilian bystander to search Mr. Jones' person for weapons while he was being restrained reflects a failure to adequately train and supervise employees and officers relative to detaining individuals, lawful searches and seizures, the proper performance of their duties in high intensity scenarios, and the rights afforded to individuals under the Fourth Amendment of the United States Constitution." SAC ¶ 58. These are the facts that suggest DCSO did not provide adequate training on Stehlin about the use of force, the application of handcuff and how to detain individuals and conduct lawful searches.

### D. PLAINTIFF ALLEGED A SUFFICIENT CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.

DeKalb County Defendants first claimed that Plaintiff failed to state a cause of action for IIED against any of the DeKalb County Defendants but then failed to state any reason for why Plaintiff did not state a sufficient IIED claim against DCSO.

Nevertheless, Plaintiff has stated a sufficient IIED claim against all DeKalb County Defendants. The "extreme and outrageous element" is met when "the force used ... [is] very extreme or cause[s] very severe physical injury." DuFour-Dowell v. Cogger, 969 F. Supp. 1107,

1123 (N.D. Ill. 1997). Plaintiff alleged that "[a]s described above, Defendants' conduct was extreme and outrageous, including without limitation using excessive force against Mr. Jones without provocation or justification, forcing Mr. Jones to suffer harm." SAC ¶ 62. The extreme and outrageous conduct against Stehlin is his use of excessive of force for an extended period of time to cause Plaintiff difficulty in breathing, application of unnecessarily tightened handcuff to cause Plaintiff significant injury and pain, allowing of other individuals present at the scene to continue to physically assault Mr. Jones and allowing non-police individuals to search Mr. Jones. SAC ¶ 22-25.

For DCSO and Sheriff Sullivan, they are liable under *respondeat superior*. Under Illinois law, a municipality may be held liable for torts such as assault, battery, and IIED committed by police officers under a theory of *respondeat superior*. *See* Hampton v. City of Chicago, 484 F.2d 602, 610 (7th Cir. 1973).

Plaintiff further alleged that Defendants either intended to inflict emotional distress or knew there was a high probability that such conduct would result in such distress. SAC ¶ 63. And that Defendants' conduct caused Mr. Jones to suffer such distress. SAC ¶ 64.

By: */s/ Justin L. Weisberg*
Justin L. Weisberg
Jianan Jiang
*Attorneys for Plaintiff*
Robbins DiMonte, Ltd.
180 N. LaSalle Street, Ste. 3300
Chicago, IL 60601
jweisberg@robbinsdimonte.com
ajiang@robbinsdimonte.com
T: 312-782-9000

## <u>CERTIFICATE OF SERVICE</u>

I certify that on August 21, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of said filing to all parties of record.

By: *<u>/s/ Jianan Jiang</u>*
Robbins DiMonte, Ltd.
180 N. LaSalle Street, Ste. 3300
Chicago, IL 60601
jweisberg@robbinsdimonte.com
ajiang@robbinsdimonte.com
T: 312-782-9000