UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Carl Jones | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No.: 3-22-cv-50300 |
| | ) | Honorable Iain D. Johnston |
| Stehlin Streit, et al., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

### CARL JONES'S MEMORANDUM OF LAW IN OPPOSITION TO CITY OF DEKALB DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE PLEADINGS

NOW COMES Plaintiff Carl Jones ("Jones"), by and through his attorneys Justin L. Weisberg and Jianan Jiang, file this memorandum of law in opposition to Defendants Sonny Streit ("Sgt. Streit"), Elise Dusek ("Officer Dusek"), Mason Fleury, Kelly Sullivan, John E. Loechel, Charles Peter Verdone, Scott R. Farrell, Tony M. Kwasniewski, David Byrd ("Chief Byrd"), and the City of DeKalb's, an Illinois municipal corporation (the "City", collectively "City Defendants") Motion for Partial Summary Judgment on the Pleadings, and state as follows:

### INTRODUCTION

The instant matter is based upon Plaintiffs claims arising from his arrest after being excessively kneeled on the back and handcuffed on March 20, 2021. Plaintiff filed suits against the City of DeKalb Defendants and DeKalb County Defendants. Proceeding *in forma pauperis* Plaintiff filed the instant action for the March 20, 2021 arrest on August 26, 2022. Plaintiff managed to get a court-appointed attorney (the undersigned counsel) to represent him on April 20, 2023. Plaintiff filed a motion to file its Second Amended Complaint on December 11, 2023. Dkt

51. The motion was granted on April 3, 2023. Dkt. 55. On January 3, 2024, Plaintiff, through his attorneys, filed a Second Amended Complaint that includes § 1983, *Monell*, *City of Canton*, and Intentional Infliction of Emotional Distress claims against the City Defendants. Dkt. 56. The City Defendants now seek to dismiss all but the excessive force claims against Streit and Dusek for various reasons. The Plaintiff files this memorandum of law opposing City Defendants' Motion.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) provides: "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Pleadings "include the complaint, the answer, and any written instruments attached as exhibits." *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998) (citing Fed. R. Civ. P. 10(c)).

The only difference between a motion for judgment on the pleadings and a motion to dismiss is timing; the standard is the same. "When a plaintiff moves for judgment on the pleadings, the motion should not be granted unless it appears beyond doubt that the nonmovant cannot prove facts sufficient to support its position, and that the plaintiff is entitled to relief." *Scottsdale Ins. Co. v. Columbia Ins. Grp., Inc.*, 972 F.3d 915, 919 (7th Cir. 2020). "Thus to succeed, the moving party must demonstrate that there are no material issues of fact to be resolved." *N. Ind. Gun & Outdoor Shows*, 163 F.3d at 452. As with a motion to dismiss, the court views all facts and inferences in the light most favorable to the non-moving party. *Alexander v. City of Chicago*, 994 F.2d 333, 336 (7th Cir. 1993).

## ARGUMENT

**A. Count II's "Failure to Intervene" Claim Should Not Be Dismissed**

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not

the merits of the case. See Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a motion to dismiss, the Court must accept as true all well-pleaded facts in the complaint and draw all reasonable inferences in the plaintiff's favor. *See AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive, the complaint must give the defendants fair notice of the basis for the claim, and it must be facially plausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937.

1. **Plaintiff Stated A Sufficient "Failure to Intervene" Claim**

To sufficiently plead a "failure to intervene" claim, the plaintiff must plead that the Defendants "(1) knew that a constitutional violation was committed; and (2) had a realistic opportunity to prevent it." *Gill v. City of Milwaukee*, 850 F.3d 335, 342 (7th Cir. 2017). "Whether an officer had sufficient time to intervene or was capable of preventing the harm caused by the other officer is generally an issue for the trier of fact unless, considering all the evidence, a reasonable jury could not possibly conclude otherwise." *Lanigan v. Village of East Hazel Crest, Ill.*, 110 F.3d 467, 478 (7th Cir. 1997).

The officer alleged to have **failed** to **intervene** need not have had authority over the violating officer; the "responsibility to **intervene** applies equally to supervisory and nonsupervisory officers." *Yang v. Hardin*, 37 F.3d 282, 285-286 (7th Cir. 1994). A failure to intervene claim may go forward even when a complaint "fails to *explicitly* specify the existence of an opportunity for [an officer] to have intervened" if "the facts demonstrate several opportunities

during which [the officer] could have acted." *Yang.* 37 F.3d at 285.

Here, there is case law suggesting that kneeling on the back of a suspect for an extended period of time such that a difficulty of breathing was caused is a constitutional violation. *See, e.g., Abdullahi v. City of Madison*, 423 F.3d 763 (dismissing defendants' motion for summary judgment, and remanded the case for further proceedings when the police knelt on the suspect's back for 30-45 seconds, causing suspect's breath to stop, after the suspect had been subdued). Here, Jones alleged that Defendants Stehlin, Dusek and John Does 1-45 (believed to be a member of the DCSO wearing plain clothes) applied excessive force to Mr. Jones with a knee to Jones' upper back causing Mr. Jones to suffer severe pain and difficulty breathing. The use of force was objectively unreasonable in light of the circumstances as Mr. Jones posed no threat to himself or any Defendant." SAC ¶ 22. In addition, Plaintiff alleged, that while handcuffing Mr. Jones, John Does 1-45, Dusek, Streit and Stehlin used excessive force and painfully contorted and applied pressure to Jones' arms, shoulders, and upper back, causing those areas of his body significant injury and pain. SAC ¶ 24. Plaintiff also alleges that while Defendants allowed the purported victim to continue to physically assault Mr. Jones while Defendants had Mr. Jones pinned to the ground and allowing a purported witness to search Mr. Jones' person and remove his personal belongings from his person. SAC ¶ 25.

Consequently, the pleading sufficiently allege that the City Defendants' use of force was excessive such that there was a constitutional violation.

Plaintiff alleges that all other Defendants failed to intervene or offer Mr. Jones any aid during the violation of these rights. The officers named in the complaint were all around the scene and saw the arrest, they were in a similar position to ask Stehlin, Streit, and Dusek to stop. *See* SAC ¶ 42. And it should be up to the trier of fact to determine if they had sufficient time to

intervene.

In *Sanchez v. City of Chicago*, the Seventh Circuit held that, "in a section 1983 action alleging that police violated the plaintiff's Fourth Amendment rights by subjecting him to excessive force, a defendant police officer may be held to account both for his own use of excessive force on the plaintiff, as well as his failure to take reasonable steps to attempt to stop the use of excessive force used by his fellow officers." 700 F.3d 919, 925–26 (7th Cir. 2012) (internal citations omitted). *See also id.* at 926 (collecting cases). It is therefore not implausible to plead claims of excessive force and failure to intervene against Streit and Dusek as Streit should intervene to stop Dusek and Stehlin; and Dusek should intervene to stop Streit and Stehlin.

2. **The Statute of Limitations Did Not BarThe "Failure to Intervene" Claims Against The Previously Dismissed Officers And John Does 1-45.**
    a. **Rule 15(a) Allows Relation Back Of The Claims Against The Previously Dismissed Officers.**

City Defendants' reliance on *Lee v. Cook County, Ill.*, 635 F.3d 969 (7th Cir. 2011) is misplaced. As the Seventh Circuit astutely pointed out in *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014 (7th Cir. 2013), in *Lee*, the entire case "had been dismissed with final judgments that dismissed the entire case[] without prejudice," *Wal-Mart Stores, Inc.*, 722 F.3d at 1026. Whereas Carl Jones, just like the Plaintiff in the *Wal-Mart* case, only had his complaint dismissed, "not the entire case". *Id.* Therefore, "[t]he timely-filed case remained pending, and [Jones] could amend [his] complaint to address the problems found by the district court." *Id.*

The *Wal-Mart* court specifically rejected the rule that "IFP plaintiffs do not have leave to amend as a matter of right after a section 1915 *sua sponte* dismissal for failure to state a claim." *Id.* As the *Wal-Mart* court pointed out, Jones, while proceeding *in forma pauperis*, should be afforded the same chance as a fee-paying plaintiff to amend his complaint and be afforded the relation-back allowed with court's leave under Rule 15(a) when "justice so requires," and

"[d]istrict courts must allow IFP plaintiffs leave to amend at least once in all circumstances in which such leave would be granted to fee-paying plaintiffs under Rule 15(a)." *Id.* at 1024.

"This liberal pleading rule is consistent with the directive in section 1915(e) that a court 'shall' dismiss an IFP case if the complaint fails to state a claim for relief. The statute does not require that the dismissal be with prejudice and without leave to amend. All but one of the circuits that have decided the question have held that IFP plaintiffs have the same right to amend that fee-paying plaintiffs enjoy. These circuits have crafted a sensible rule: IFP applicants whose complaints are dismissed pursuant to a section 1915 screening for failure to state a claim should be granted leave to amend at least once in all cases in which Rule 15(a) would permit leave to amend." *Id.*

Consequently, under the rationale of *Wal-Mart*, all the Previously Dismissed Officers have been named in the caption of the First Amended Complaint. Therefore, Jones's Second Amended Complaint should be treated as an allowable amendment under Rule 15(a), and the time claims against the previously dismissed officers should be related back to the original filing of the complaint, or at least to the time when the First Amended Complaint was filed on October 31, 2022, which was well within the statute of limitations.

### b. Rule 15(c) Allows Relation Back Of The Claims Against The Previously Dismissed Officers.

The Supreme Court has unequivocally "reject[ed the] suggestion that Rule 15(c) requires a plaintiff to ... file and serve an amended complaint within the Rule 4(m) period." *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 554 n.5, 130 S.Ct. 2485, 177 L.Ed.2d 48 (2010). This is so because Rule 15(c) requires only "notice of the action," and notice under Rule 15 "need not be formal." *Id.* (quoting Fed. R. Civ. P. 15(c) advisory comm. notes (1966 amendment)). "Williams provided several alternatives to formal notice. For example, she explains (without contradiction)

that within the 90-day period, her counsel informed counsel for Wang and Garcia that they would be named in the Amended Complaint. Williams also explains (again without contradiction) that counsel for Nurse Wang and Deputy Garcia received an electronic copy of the Amended Complaint within the 90-day period. See Appellant Br. at 19–22. Both of these satisfy Rule 15(c)'s notice requirement. *See generally* Goodman v. Praxair, Inc., 494 F.3d 458, 473–74 (4th Cir. 2007) (*en banc*) (imputing Rule 15(c)(3) notice to new defendant because new defendant's attorneys were aware of the action, "eliminat[ing] any worry that [the new defendant] was caught by surprise when the complaint was amended")." *Williams v. Kincaid*, 45 F.4th 759, 775 (4th Cir. 2022), cert. denied, 143 S. Ct. 2414, 216 L. Ed. 2d 1270 (2023). Therefore, City Defendants' argument that SAC was the notice required under Rule 15(c) is unavailing as the inquiry should be when the City Defendants received actual or constructive notice, not when they received formal notice.

In *Woods v. Indiana University-Purdue University at Indianapolis*, 996 F.2d 880 (7th Cir. 1993), the Court recognized that § 1983 claim could be related back to the original complaint. And, it is undisputed that the claims against the previously dismissed officers arose out of the same arrest occurred on March 20, 2021. Plaintiff has put the previously dismissed officers on the face of the First Amended Complaint, therefore, when the complaint was given to counsel for Dusek and Streit, who later also represents the City and the previously dismissed officers, it should be reasonable to expect that the previously dismissed officers would learn the existence of this complaint and be put on notice. Given that the Plaintiff was a *pro se* litigant with no legal background and filed the First Amended Complaint with the previously dismissed officers' names on the caption, only to have the claims against the previously dismissed officers dismissed because Jones did not know how to draft a proper complaint without assistance of counsel, and the fact that

Jones was actively seeking a court-appointed counsel,[1] it should be expected that there will be claims made against the previously dismissed officers when a counsel is appointed.

### c. Even If Rule 15(c) Does Not Apply, Equitable Tolling Should Apply.

The doctrine of equitable tolling "permits a plaintiff to sue after the statute of limitations has expired if through no fault or lack of diligence on his part he was unable to sue before, even though the defendant took no active steps to prevent him from suing." *Singletary v. Continental Illinois Nat'l Bank and Trust Co. of Chicago*, 9 F.3d 1236 (7th Cir.1993). Other factors which may justify equitable tolling are "that a claimant has received inadequate notice; [that] a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon; [that] the court has led the plaintiff to believe that she had done everything required of her." *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 151, 104 S.Ct. 1723, 1725–26, 80 L.Ed.2d 196 (1984).

Here, the Plaintiff has named the previously dismissed officers in his First Amended Complaint filed on October 31, 2022, within the § 1983 two-year statute of limitations period. And the Plaintiff's claims against the previously dismissed officers were dismissed without prejudice for failure to state a claim, November 1, 2022 Order Dkt No. 67, at 2. Plaintiff was a *pro se* litigant and was incarcerated at the time, so he did not have access to the necessary legal resources to research and draft a properly pleaded complaint against the previously dismissed officers. Plaintiff had made four motions for attorney representation,[2] and the first recruitment of counsel occurred on March 1, 2023,[3] mere 18 days before the expiration of the statute of limitations. It was only on April 7, 2023 that the current counsel for Plaintiff was recruited.[4] It was not until April 20, 2023,

---

[1] Plaintiff made 4 motions for attorney representation. Dkt. Nos. 4, 10, 19, 26.
[2] *Supra*, n. 1.
[3] Dkt. No. 35.
[4] Dkt No. 42.

after the expiration of the statute of limitations, that the Plaintiff secured attorney representation.[5] Before March 20, 2023, when the statute of limitations expired, it could not be reasonably expected of the Plaintiff to know what to do after he drafted a complaint against the previously dismissed officers, those claims were dismissed, and the Plaintiff was inside a prison, unable to gather or review new evidence, such as the police camera footage, for him to properly file claims against the previously dismissed officers.

Court has held that a *pro se* inmate at a state correctional facility is at a particular disadvantage in trying to discover individuals and/or gather information that is related to his physical injuries. *See White v. Cooper*, 55 F. Supp. 2d 848, 856 (N.D. Ill. 1999); *Duncan v. Duckworth*, 644 F.2d 653, 656 (7th Cir. 1981); *Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548 (7th Cir. 1996).

In *White*, the Court allowed equitable tolling when the *pro se* inmate plaintiff who was proceeding *in forma pauperis* was unable to discover the identities of the prison workers that were related to his smoke inhalation injury.

Just as in *White*, it was impossible for Jones to identify the exact wrongdoing of the previously dismissed officers without doing pre-trial discovery and reviewing police camera footage. *White*, 55 F. Supp. 2d ,at 856 (holding "[i]dentification of possible defendants in any case where a plaintiff's injuries resulted from the actions of unknown tortfeasors is nearly impossible without the aid of pretrial discovery.").

Therefore, the doctrine of equitable tolling is appropriate to suspend the running of the statute of limitations "for such time as was reasonably necessary to conduct the necessary inquiry." *Cada v. Baxter Healthcare Corporation*, 920 F.2d 446, 451 (7th Cir. 1990).

---

[5] Dkt No. 43.

And, the Plaintiff's counsel, after conducting necessary inquiry and reviewing police files, did file a Second Amended Complaint, including claims against the previously dismissed officers and the John Doe Officers. Therefore, it should be held that the "failure to intervene" claim against these defendants were timely filed.

B. **The Statute Of Limitations Did Not Bar Counts III & IV.**

Rule 15(c) also applies to Counts III & IV. It is undisputed that the first amended complaint was filed on October 31, 2022, within the two-year statute of limitations that would have applied to Counts III & IV. Therefore, Counts III & IV should be deemed to be filed within the statute of limitations if Rule 15(c) is satisfied.

*First*, case law provides that *Monell* claims allow relation back. There is ample case law that shows the Northern District of Illinois have allowed *Monell* claims to be related back. *See e.g. Armour v. Country Club Hills*, 11 C 5029, 2014 WL 63850, at *5–6 (N.D. Ill. Jan. 8, 2014); *Hernandez v. City of Chicago*, 16 C 8875, 2016 WL 6948386, at *1 (N.D. Ill. Nov. 28, 2016); *Lewis v. City of Chicago*, 235 F. Supp. 3d 1029, 1032 (N.D. Ill. 2016); *Moore v. City of Chicago*, 02 C 5130, 2004 WL 1385827, at *1 (N.D. Ill. June 17, 2004); *Estate of Keys, By & Through Doxie v. City of Harvey*, 92 C 2177, 1994 WL 687479, at *3 (N.D. Ill. Dec. 8, 1994). Therefore, the first prompt is satisfied.

*Second*, SAC asserts claims that arose out of the conduct set out or attempted to be set out in the original pleading. It is undisputed that Counts III & IV relate to the City's police department's policies, procedures, and trainings on the (i) use of force, (ii) application of handcuffs; and (iii) other conduct violations in relation to the arrest of Plaintiff on March 20, 2021. SAC ¶¶ 51, 58. Plaintiff has pled the excessive force and failure to intervene counts in relation to the same arrest in his First Amended Complaint on October 31, 2022. "A *Monell* claim is

dependent upon a violation of the plaintiff's constitutional rights; it cannot be based on the policy or custom of a municipality in the abstract." *Estate of Keys*, at *3 (citing *City of Los Angeles v. Heller*, 475 U.S. 796, 799, cert. denied, 476 U.S. 1154 (1986); *Tom v. Voida*, 963 F.2d 952, 962 (7th Cir.1992)). Therefore, the *Monell* claims as articulated in the Second Amended Complaint arose out of the same unconstitutional excessive use of force and other conducts that the Plaintiff had alleged in his first amended complaint. *See Estate of Keys*, at *3 (holding that the *Monell* claim "arose out of the [same] allegedly unconstitutional shooting of Robbie Keys by [police officer]").

*Third*, City Defendants had notice of the action. On November 14, 2022, a waiver of service was returned by Officer Dusek (Dkt No. 22) indicating that Dusek has a service address of "700 W. Lincoln HWY, Dekalb, IL 60115," the same address of the City of Dekalb Police Department. On December 22, 2022, attorney for Defendants Officer Dusek and Sgt. Streit Matthew Rose, the same attorney who later represented the City and other City officers, filed an answer to Jones's First Amended Complaint. Sgt. Dusek and Sgt. Streit are both officers of the City of Dekalb Police Department. The City of Dekalb Police Department was on the face of the First Amended Complaint. Therefore, the City of Dekalb must have had notice of the First Amended Complaint within the period provided by Rule 4(m) – 90 days.

Court has held that Rule 15(c)(1)(C) is a "a means for correcting the mistakes of plaintiffs suing official bodies in determining which party is the proper defendant." *Donald v. Cook County Sheriff's Dep't*, 95 F.3d at 560 (citing Advisory Committee Note to 1966 Amendment); *see King v. One Unknown Federal Correctional Officer*, 201 F.3d 910 (7th Cir. 2000) (reiterating *Donald*). That is what happened here, Jones, as a *pro se* litigant at the time of the First Amended Complaint, should have sued the City of Dekalb, as the City is the proper defendant. And, since "all public officials are presumed to know clearly established law, whether or not they have in fact ever

Page **11** of **17**

cracked a law book," the City should have known that they would have been another proper defendant in this action when they decided to retain a counsel for two of its officers for an action where there are already claims against at the officers for use of excessive force and other conducts in the course of discharging the officers' official duty. *See Woods v. Indiana University-Purdue University*, 996 F.2d 880, 887 (7th Cir. 1993) (allowing relation back to add individual defendants after the state university was found immune under the Eleventh Amendment); *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548 (allowing relation back of a correctly pleaded *Monell* claim against the Sheriff's Department after plaintiff amended the complaint to add individual officers of the Sheriff's Department. The original complaint was filed by plaintiff *pro se* in prison.); *Mosely ex rel Jackson v. City of Chicago*, 2008 WL 818261 (allowing unrepresented plaintiff to relate back § 1983 claims under Rule 15(c)(1)).

Therefore, Counts III & IV should be allowed to be related back to when the First Amended Complaint was filed on October 31, 2022, within the two-year statute of limitations for *Monell* claims.

### C. Count III Stated A Sufficient *Monell* Claim Based On The City's Allegedly Unconstitutional Policy

*Monell* claims are not subject to a heightened pleading standard. *See Est. of Sims ex rel. Sims v. County of Bureau*, 506 F.3d 509, 514 (7th Cir. 2007). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). And, "there is no blanket rule that Monell plaintiffs must always allege multiple instances of unconstitutional conduct in order to show that a policy exists." *Jackson v. Vill. of Justice*, 2020 WL 1530734, *3 (N.D. Ill. Mar. 31, 2020).

A plaintiff does not have to come forward with facts proving a widespread practice at the pleading stage – he need only state a plausible claim for relief. *See Shields v. City of Chicago*,

2018 WL 1138553, at *4 (N.D. Ill. 2018) ("[T]he City's arguments that Plaintiff's allegations do not 'establish' the existence of a widespread policy are misplaced because at this stage of the proceedings, the Court must determine whether Plaintiff has stated a plausible claim for relief, not that he has 'established' or 'proven' his claims.").

Here, the Plaintiff has alleged that "Defendants have a systemic pattern and practice of violating citizens' constitutional rights through the continued implementation of unconstitutional policies and procedures. The policies include the (i) use of force, (ii) application of handcuffs; and (iii) other conduct violations." SAC ¶ 51. So, Defendants argument that "Plaintiff failed to directly identify an allegedly unconstitutional policy" fails.

In fact, Plaintiff himself has in more than one occasions experienced Defendants' policies that show a wanton disregard of citizens' constitutional rights. Plaintiff was again excessively pinned on the back and then excessively tased and handcuffed during his 2022 encounter with officers of the City's police department. *See Jones v. Ehrke*, 3:22-cv-50299, Second Amended Complaint ¶¶ 16-27. He was "tackled onto a concrete landing of a two-story building leading to injuries to Plaintiff's face, shoulder, knees and chest from the excessive force used by Defendants." *Id.* ¶ 18. He was again excessively handcuffed so much that "[he] made numerous pleas to reduce the pressure of the handcuffs as they were so tight as to cause severe pain to Plaintiff's wrists, which at one point, went numb from pain." *Id.* ¶ 19. "During this time, [officers of the City's police department] continued to apply excessive force to Plaintiff's back and legs with their full body weight." *Id.* ¶ 20. In less than 18 months from March 2021, when Plaintiff was pinned on the back with excessive force and was "painfully contorted and applied pressure to Jones' arms, shoulders, and upper back, causing those areas of his body significant injury and pain," and "allow[ed] a purported witness to search Mr. Jones' person and remove his personal belongings from his

person," Plaintiff himself has fall victim of the City's unconstitutional policies on the use of force and application of handcuffs twice in less than one and half years. SAC ¶¶ 24-25. So, it is bizarre for the City to argue that Plaintiff has failed to allege more than one single incident when Plaintiff himself has alleged two incidents that are emblematic of the City's unconstitutional policies.

Plaintiff has set forth that "his incident was not an isolated or random occurrence." *Turner v. City of Chi.*, 2020 WL 1548957 at *2 (N.D. Ill. Mar. 31, 2020). And therefore, Plaintiff's *Monell* claim should not be dismissed. At least, Plaintiff should be allowed to conduct discovery into City Defendants' policies and a chance to amend the Complaint.

### D. Count IV Stated A Sufficient *Monell* Claim Based On Inadequate Police Training

As articulated in the Plaintiff's response to the City's attempt to dismiss Count III, Plaintiff has similarly sufficiently pled a *City of Canton* claim against the City. Plaintiff himself was twice the victim of the City's police department's excessive use of force and other unconstitutional policies. These facts point to the City's "deliberate indifference". The City has allowed the continuing occurrence of the use of excessive force to the extent that the Plaintiff was injured twice. This shows "deliberate indifference".

Further, the City's reliance on *Rivas-Villegas v. Cortesluna* to establish that "placing a knee on a suspect's back did not violate a clearly established constitutional right" is misleading. The *Rivas-Villegas* never held that "placing a knee on a suspect's back did not violate a clearly established constitutional right" as a matter of law, in fact the *Rivas-Villegas* court looked at *LaLonde v. County of Riverside*, 204 F.3d 947 (9th Cir. 2000), where the Ninth Circuit held that being kneed on the back could violate a clearly established constitutional right, and concluded that it depends on the fact of the case. *Rivas-Villegas v. Cortesuluna*, 595 U.S. 1, 7-8 (2021) ("On the facts of this case, neither LaLonde nor any decision of this Court is sufficiently similar."). In *Rivas-*

*Villegas*, the plaintiff was kneed on the back for "no more than eight seconds.", *Rivas-Villegas*, 595 U.S. at 4. Here, Jones was kneed on the back for an excessively long period of time when there is no visible arm in his hand and he appeared to already be subdued to the instruction of the police officers. SAC ¶¶ 24-29. So, the fact was sufficiently different from *Rivas-Villegas*, and the City cannot rely on *Rivas-Villegas* to infer that Jones' constitutional right was not violated.

### E. Defendants Waived The Statue of Limitations Defense to Count V As They Failed to Raise It In Their Answers.

Rule 12(b) of the Federal Rules of Civil Procedure requires that "[e]very defense ... shall be asserted in the responsive pleading." Fed.R.Civ.P. 12(b). *Perry v. Sullivan*, 207 F.3d 379, 382 (7th Cir. 2000). Case law holding that limitations and other affirmative defenses must be filed with the defendant's response are legion. *See, e.g., Johnson v. Sullivan*, 922 F.2d 346, 355 (7th Cir.1990) (holding that party "must raise this 60–day statute of limitations in a responsive pleading as an affirmative defense or it will be considered waived.").

Here, the City Defendants have filed two answers (Dkt. Nos, 24 and 57) to the Plaintiff's First and Second Amended Complaint, respectively. Count V was raised in the Plaintiff's Second Amended Complaint. SAC ¶¶ 61-64. In the City Defendants' answer to the SAC, nowhere can the 745 ILCS 10/8-101(a) statute of limitations be found for their defenses to Count V. Therefore, the 745 ILCS 10/8-101(a) statute of limitations defense should be deemed waived.

### CONCLUSIONS

For the reasons stated above, the Plaintiff should deny the City Defendants' motion for partial judgment on the pleadings.

Dated: August 21, 2024.

By: */s/ Justin L. Weisberg*
Justin L. Weisberg
Jianan Jiang
*Attorneys for Plaintiff*
Robbins DiMonte, Ltd.
180 N. LaSalle Street, Ste. 3300
Chicago, IL 60601
jweisberg@robbinsdimonte.com
ajiang@robbinsdimonte.com
T: 312-782-9000

## CERTIFICATE OF SERVICE

I certify that on August 21, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of said filing to all parties of record.

By: */s/ Jianan Jiang*
Robbins DiMonte, Ltd.
180 N. LaSalle Street, Ste. 3300
Chicago, IL 60601
jweisberg@robbinsdimonte.com
ajiang@robbinsdimonte.com
T: 312-782-9000