IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| **Carl Jones,**  Plaintiff,  v.  **James Stehlin; Sonny Streit; Elise Dusek; Mason P. Fleury; Kelly K. Sullivan; John E. Loechel; Charles Peter Verdone; Scott R. Farrell; Tony M. Kwasniewski; Andy Sullivan,** *in his official capacity;* **David Byrd,** *in his official capacity*; **DeKalb County Sheriff's Office; City of DeKalb Police Department; John Does 1-45; and the City of DeKalb,** a Municipal Corporation**,**  Defendants. | No.: 2022-cv-50300  Judge Iain D. Johnston  Magistrate Judge Margaret Schneider |

**DEKALB COUNTY DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO DISMISS SECOND AMENDED COMPLAINT**

NOW COME Defendants, James Stehlin, Andy Sullivan, and DeKalb County Sheriff's Office (hereinafter "DeKalb County Defendants"), by and through their attorneys, Ekl, Williams & Provenzale, LLC, and for their Reply in Support of the Motion to Dismiss the Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) state as follows:

**I.  PLAINTIFF'S CLAIMS AGAINST THE DEKALB COUNTY DEFENDANTS SHOULD BE DISMISSED BECAUSE THEY ARE BARRED BY THE STATUTE OF LIMITATIONS.**

Plaintiff's argument that his claims against the DeKalb County Defendants are not barred by the statute of limitations completely misses the mark. It is undisputed that Plaintiff's §1983 claims accrued on March 21, 2021 and the Second Amended Complaint was not filed until January 3, 2024.

The fact that Plaintiff filed two complaints prior to expiration of the statute of limitations, naming DeKalb County and "Stehlin Streit" as defendants in the caption, did not toll that statute of limitations and Plaintiff cannot rely upon the filing dates of those complaints for limitations purposes. See *Wilson v. Wexford Health Sources*, 932 F.3d 513, 518 (7th Cir. 2019). On September 19, 2022, the Court dismissed the original complaint without prejudice for failure to state a claim. Dkt. 8. On November 1, 2022, the Court, in reviewing Plaintiff's Amended Complaint, dismissed the causes of action against all named defendants, other than Defendants Streit and Dusek, without prejudice. Dkt. 18, p. 2. Therefore, the statute of limitations continued to run with respect to any potential claims against the dismissed defendants, including the DeKalb County Defendants, arising out of the March 21, 2021 incident.

Plaintiff reliance on *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014 (7th Cir. 2013) is misplaced. The statute of limitations issue addressed in *Luevano* was whether a plaintiff was entitled to leave to amend a complaint after the court dismissed claims pursuant to a §1915(e)(2) screening process. The court held that there is no difference between *in forma pauperis* plaintiffs and fee-paying plaintiffs upon a dismissal without prejudice and each were equally entitled to amend a complaint as a matter of right and an amended complaint, **within the scope of Rule 15(a),** relates back to an original timely-filed complaint. *Id.* at 1025 (emphasis added). In *Luevano*, the plaintiff was not seeking to amend the complaint after the expiration of the statute of limitations to add parties that had previously been dismissed from the case. *Luevano* does not support Plaintiff's position that, despite the fact that the DeKalb County Defendants were dismissed from the original and amended complaints, the statute of limitations period was tolled.

Plaintiff's attempt to distinguish the holding in *Wilson v. Wexford Health Sources*, 932 F.3d 513, 518 (7th Cir. 2019) is also misplaced. In *Wilson*, the court held that the filing date for a complaint that is dismissed without prejudice cannot be relied upon by the plaintiff for limitations purposes because the statute of limitations period continues to run from the date on which the claim accrues. *Id.* at 518. Plaintiff argues that *Wexford* does not apply to the instant case because the suit was never dismissed. See Response, p. 4. However, the case was in fact dismissed in its entirety against the DeKalb County Defendants on September 19, 2022 and November 1, 2022. See Dkts. 8 and 18. Therefore, the statute of limitations continued to run on the claims against the DeKalb County Defendants and, absent the applicability of Federal Rule of Civil Procedure 15(c)(1), the causes of action in the Second Amended Complaint against the DeKalb County Defendants do not relate back to the filing of the earlier complaints. Under Plaintiff's theory, additional defendants could be added to a complaint through amendments at any time during litigation regardless of whether the statute of limitations expired or whether the amendments related back to the original filing pursuant to Rule 15(c)(1).

Lastly, Plaintiff spends a good portion of his response arguing that Defendant Stehlin was named as a defendant in the original complaint and the amended complaint. See Response, pp. 5-6. However, this is not responsive to any argument advanced in the Motion to Dismiss and the DeKalb County Defendants' argument that the claims against Defendant Stehlin are barred by the statute of limitations is not premised on whether Defendant Stehlin was properly identified in the caption of the original complaint or the amended complaint. All Defendants, other than Defendants Streit and Dusek, were dismissed without prejudice on November 1, 2022. Therefore, the statute of limitations continued to run against Defendant Stehlin as of November 1, 2022.

**II.  THE SECOND AMENDED COMPLAINT DOES NOT RELATE BACK TO THE FILING OF THE AMENDED COMPLAINT.**

Plaintiff's argument regarding the relation back provisions of Rule 15(c)(1) is premised on a disregard for the procedural history in this case, the arguments advanced in the Motion to Dismiss, and the applicable legal authority.  This is not a case in which there was a mistake concerning a proper party's identity.  Likewise, this is not a case in which a defendant was misidentified in the complaint.  Despite Plaintiff's desire to respond to the issue of whether Defendant Stehlin had constructive notice of the lawsuit or anticipated being named in the suit, such arguments are irrelevant and not responsive to the threshold question of whether or not there was a "mistake concerning the proper party's identity." Fed. R. Civ. P 15(c)(1)(C)(ii).  A mistake is "any erroneous belief" but "it must be an erroneous belief *concerning the proper party's identity*." *Thompson v. Roser*, No. 22-cv-50049, 2024 WL 2248677, at *2 (N.D. Ill. May 17, 2024) (citing *Rodriguez v. McCloughen*, 49 F.4th 1120, 1123 (7th Cir. 2022)).

The failure to file a Second Amended Complaint, re-naming Defendant Stehlin as a party, had nothing to do with Plaintiff having an "erroneous belief" regarding Defendant Stehlin's identity.  To the contrary, Plaintiff clearly knew Defendant Stehlin's identity from the time he filed his initial complaint in this case given he named "Stehlin" in the caption of both the original complaint and amended complaint.  Additionally, as Plaintiff pointed out in his Response, he attached a police report as an exhibit to his amended complaint that contained Defendant Stehlin's name and identified him as being the second officer to arrive on the scene and assist in restraining Plaintiff. See Response, p. 6; Dkt. 15-2.  Therefore, no legitimate argument can be made that Plaintiff had an "erroneous belief" regarding Defendant Stehlin's identity.  To the contrary, the only potential "mistake" by Plaintiff was his failure to file his claims against Defendant Stehlin until January 3,

2024, almost three years after his claim accrued and more than a year after Defendant Stehlin was dismissed from the case. Therefore, Rule 15(c)(1) does not allow Plaintiff to relate back his claims against the DeKalb County Defendants to the filing of the Amended Complaint.

Furthermore, Plaintiff's argument regarding Defendant Stehlin's notice lacks any factual or legal basis. Even assuming, *arguendo,* that Defendant Stehlin had notice of the filing of Plaintiff's original complaint and amended complaint, both of those complaints were dismissed against Defendant Stehlin. Notice of the initial filings and dismissals does not translate into notice that the action would have been brought against him "but for a mistake concerning the proper party's identity." This is not a case in which the Plaintiff misidentified a party. To the contrary, Plaintiff failed to allege facts to state a cause of action against the DeKalb County Defendants in his first two complaints and then, after the statute of limitations expired, named the DeKalb County Defendants in a new complaint.

### III.  EQUITABLE TOLLING DOES NOT APPLY TO PLAINTIFF'S CLAIMS.

Plaintiff also claims that the doctrine of equitable tolling allows him to assert claims against the DeKalb County Defendants after the expiration of the statute of limitations. See Response, p. 9. Once again, in advancing this argument, Plaintiff grossly misinterprets the legal authority on this issue. Initially, the rules regarding tolling of §1983 claims are governed by state law. *Wallace v. Kato*, 549 U.S. 384, 394 (2007). Plaintiff fails to identify any Illinois legal authority that would entitle him to apply the doctrine of equitable tolling to the filing of his claims after the expiration of statute of limitations.

Under Illinois law, equitable tolling only applies "if the defendant has actively misled the plaintiff or the plaintiff has been prevented from asserting his or her rights in some extraordinary

way." *Rosado v. Gonzalez,* 832 F.3d 714, 717 (7th Cir. 2016)(quoting *Clay v. Kuhl*, 189 Ill.2d 603, 727 N.E.2d 217, 223 (2000)). Additionally, Illinois law also requires that the plaintiff act diligently to file his suit. *Id*. "[E]quitable tolling does not reset the statute of limitations; instead, the doctrine requires that the plaintiff get the litigation under way promptly after the circumstances justifying delay is no longer present." *Id.* (quoting *Ashafa v. City of Chicago*, 146 F.3d 459, 464 (7th Cir. 1998)).

Although the limitations period can be tolled against a defendant who did not mislead a plaintiff, the plaintiff must have faced an "extraordinary barrier" to asserting his rights in a timely fashion. *Hobbs v. Cappelluti,* 899 F.Supp.2d 738, 761 (N.D. Ill. 2012)(quoting *Thede v. Kapsas*, 897 N.E.2d 345, 351 (Ill. App. Ct. 2008)). Extraordinary barriers include "legal disability, an irredeemable lack of information, or situations where the plaintiff could not learn the identity of proper defendants through the exercise of due diligence." *Id*. Where a person "can comprehend the nature of the injury and its implications," Illinois courts have found that tolling the statute of limitations is not appropriate. *Mihelic v. Will County, Illinois*, 826 F.Supp. 2d 1104, 1114 (N.D. Ill. 2011)(quoting *In re Doe*, 301 Ill. App. 3d 123, 703 N.E.2d 413, 414 (1998)).

Plaintiff fails to identify any "extraordinary barriers", as defined by Illinois law, that prevented him from filing his Second Amended Complaint against the DeKalb County Defendants until January 3, 2024. Plaintiff's argument that he was unable to identify the wrongdoing of DeKalb County Defendants without doing pre-trial discovery and reviewing police reports is disingenuous, to say the least. Not only were the DeKalb County Defendants identified in the caption of the original complaint and the amended complaint but, Plaintiff also attached a copy of the police report identifying Defendant Stehlin to his amended complaint. Dkt. 15-2. Additionally, Plaintiff's

argument that the delay in obtaining court appointed counsel in this case requires the application of the doctrine of equitable tolling is unsupported by any legal authority and is contradicted by the actual time line of events. Plaintiff's counsel filed his appearance on April 20, 2023. Dkt. 43. Despite that, he waited more than eight months to file the Second Amended Complaint naming the DeKalb County Defendants. Plaintiff fails to identify any "extraordinary barrier" that warrants the tolling of the statute of limitations at anytime, let alone for an additional eight months after Plaintiff was represented by counsel.

**IV. PLAINTIFF FAILS TO STATE A CAUSE OF ACTION AGAINST DEFENDANTS SULLIVAN AND THE DEKALB COUNTY SHERIFF'S OFFICE UNDER A THEORY OF *MONELL* LIABILITY.**

In response to the argument that he fails to state *Monell* claims based on unconstitutional policies and inadequate training, Plaintiff merely repeats his inadequate conclusory allegations and asserts that they are sufficient. Moreover, Plaintiff grossly misrepresents the holdings of the case law cited in his Response to argue that he is not required to plead any facts to support his *Monell* claims. For example, in *Jackson v. Village of Justice*, 2020 WL 1530734, *3-4 (N.D. Ill. Mar. 31, 2020), while the court held that there are certain limited contexts in which an allegation of a single incidence of wrongdoing is sufficient to support an inference that a more systemic policy or custom exits, when the allegations are only specific to the plaintiff, that is insufficient to support a *Monell* claim. In *Shields v. City of Chicago*, 2018 WL 1138553 (N.D. Ill. March 3, 2018), *3, another case that Plaintiff relies upon, the plaintiff did plead additional facts, other than simply conclusions, in order to sufficiently state his *Monell* claim, including referencing specific Department of Justice reports regarding the use of excessive force by the defendants and agreements prohibiting the investigation of excessive force complaints. In *White v. City of Chicago*, 829 F.3d 837, 844 (7th Cir. 2016), the *Monell* claim was based upon a standard form used in applying for arrest warrants, not

just plaintiff's arrest warrant, that did not require an officer to specify the factual support for the warrant. *White* held that the widespread use of the standard form was sufficient and the plaintiff was not required to identify the specific other individuals arrested pursuant to the alleged illegal process in order to state a *Monell* claim. *Id.*

Plaintiff did not pled a single fact to support his conclusory allegations that some unidentified unconstitutional policy exists at the DeKalb County Sheriff's Office to violate individuals' constitutional rights through the use of force or detention. Likewise, Plaintiff fails to plead a single fact regarding the training provided by the DeKalb County Sheriff's Office, how it was allegedly deficient or how Sheriff Sullivan knew that his employees were engaging in unconstitutional conduct and failed to address it with training.

V. **THE CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS IS BARRED BY THE STATUTE OF LIMITATIONS AND IS UNSUPPORTED BY FACTS.**

As argued in the Motion to Dismiss, Plaintiff's state law claim for intentional infliction of emotional distress ("IIED") is time-barred under the Illinois Local Government and Governmental Employees Tort Immunity Act's one-year statute of limitations. 745 ILCS 10/8-101. Plaintiff's claim accrued on March 20, 2021, more than one year before Plaintiff filed his original complaint on August 26, 2022. Plaintiff fails to offer any response to this argument.

Additionally, while Plaintiff alleged the elements of IIED in a conclusory fashion, he failed to identify any actual facts to support his cause of action.

## CONCLUSION

WHEREFORE, Defendants James Stehlin, Andy Sullivan, and DeKalb County Sheriff's Office respectfully request that this Honorable Court grant their motion and dismiss the Second

Amended Complaint with prejudice pursuant to Fed R. Civ. P. 12(b)(6) and order any and all further relief that this Court deems proper.

Respectfully Submitted:
/s/ Terry A. Ekl
Terry A. Ekl
Tracy L. Stanker
Ekl, Williams & Provenzale LLC
901 Warrenville Road, Suite 175
Lisle, IL 60532
(630) 654-1624
tekl@eklwilliams.com
tstanker@eklwilliams.com
*Attorneys for Defendants, James Stehlin, Andy Sullivan and DeKalb County Sheriff's Office*