**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | | |
|---|---|---|
| **Carl Jones,** | ) | |
| **Plaintiff,** | ) | **Case No. 22-cv-50300** |
| | ) | |
| **v.** | ) | **Judge Iain D. Johnston** |
| | ) | |
| **James Stehlin,** *et al.* | ) | **Jury Trial Demanded** |
| **Defendants.** | ) | |

**CITY OF DEKALB DEFENDANTS' REPLY BRIEF FOR THEIR
MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

Defendants Sonny Streit ("Sgt. Streit"), Elise Dusek ("Officer Dusek"), Mason Fleury, Kelly Sullivan, John E. Loechel, Charles Peter Verdone, Scott R. Farrell, Tony M. Kwasniewski, David Byrd ("Chief Byrd"), and the City of DeKalb, an Illinois municipal corporation (the "City"), who are collectively referred to as the "City Defendants", for their reply brief on their motion for partial judgment on the pleadings, state as follows:

## I.     INTRODUCTION

The City Defendants move for partial judgment on the pleadings to dismiss all of the claims pled against them in the second amended complaint (the "SAC"), except for count I's excessive force claims against Sgt. Streit and Officer Dusek. Alternatively, the City Defendants seek to return to this court's prior ruling that Plaintiff may proceed only on an excessive force claim against Sgt. Streit and a failure to intervene claim against Officer Dusek, but that Plaintiff's other claims should be dismissed for failing to state sufficiently plausible claims of unconstitutional conduct.

## II.     THE UNDISPUTED PARTIAL JUDGMENTS

Plaintiff's response brief does not dispute the following:

● The DeKalb Police Department should be dismissed with prejudice because it is not a suable entity. See *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011).

● Chief Byrd should be dismissed with prejudice because the official-capacity claims pled against him in counts III and IV of the SAC are duplicative of the *Monell* claims pled against the City. See *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

● The John Doe defendants should be dismissed with prejudice because of the statute of limitations. Plaintiff sued the John Doe defendants for the first time after the expiration of the applicable two-year statute of limitations period, and the relation back doctrine does not apply to them because "naming a John Doe defendant does not constitute a "mistake" within the meaning of Rule 15(c)(1)(C)(ii)." See *Herrera v. Cleveland*, 8 F.4th 493, 498 (7th Cir. 2021).

## III.    ARGUMENT

This reply brief argues in order that: (A) Plaintiff fails to state plausible *Monell* claims; (B) Plaintiff fails to state plausible "failure to intervene" claims; (C) the 1-year statute of limitation bars count V's state law tort claim; and (D) the relation back doctrine does not apply to Plaintiff's claims in the SAC, except for the § 1983 claims against Sgt. Streit and Officer Dusek arising out of the subject arrest.

## A.    Plaintiff Fails To State Plausible *Monell* Claims

Plaintiff argues (at p. 13-15) that counts III and IV of the SAC state sufficiently plausible *Monell* claims for two primary reasons. First, Plaintiff argues (at p. 13) that ¶ 51 of the SAC sufficiently alleges "a systemic pattern and practice of violating citizens' constitutional rights ..." Second, Plaintiff argues (at p. 14) that his lawsuit in *Jones v. Ehrke, et al.*, 22-cv-50299 (ND IL) alleges a second instance of excessive force. Both arguments fail for several reasons.

*First*, Plaintiff fails to allege sufficient facts of either an express policy that is itself unconstitutional or a widespread practice of similar prior constitutional violations to sufficiently establish *Monell* liability against the City. "Liability under *Monell* is difficult to establish, requiring a § 1983 plaintiff to prove that a municipality, either through an express policy or an implied policy of inaction, took deliberate action that was the moving force behind a constitutional injury." *Taylor v. Hughes*, 26 F.4th 419, 435 (7th Cir. 2022) [cleaned up]. To state a plausible *Monell* claim based on an implied policy of inaction, Plaintiff "must allege facts permitting a reasonable inference that the practice is widespread and that the specific violations complained of were not isolated incidents." See *Thomas v. Neenah Joint Sch. Dist.*, 74 F.4th 521, 524 (7th Cir. 2023) [cleaned up]. But if the *Monell* claim is based on "an express municipal policy or affirmative municipal action [that] is itself unconstitutional, ... a single instance of a constitutional violation caused by the policy suffices to establish municipal liability." *Hughes*, 26 F.4th at 435.

Here, Plaintiff fails to identify an express policy that is itself unconstitutional and proximately caused Plaintiff's injury. The City's police department policies are published on the City's website at https://www.cityofdekalb.com/1329/Department-Policies. Plaintiff does not allege that the City's use of force policy is itself unconstitutional and proximately caused the alleged excessive force. If Plaintiff intends to complain about an express City policy that is itself unconstitutional, then Plaintiff should at least identify that specific policy to survive this motion. Instead, Plaintiff requests (at p. 14) an opportunity to conduct discovery of the City's policies and a third chance to amend his complaint, even though the City's policies are available online (or through the FOIA) and the Supreme Court rejected a similar argument for more discovery and more amended complaints in *Ashcroft v. Iqbal*, 556 U.S. 662, 684-686 (2009).

Instead of alleging an express policy that is itself unconstitutional, Plaintiff appears to allege that the City has "an implied policy of inaction." See *Hughes*, 26 F.4th at 435. For example, Plaintiff complains that the City has "a systemic pattern and practice of violating citizen's constitutional rights" and the City "failed to adequately train and supervise employees and officers relative to detaining individuals …" See (SAC, ¶¶ 51 and 58). Accordingly, Plaintiff "must typically point to evidence of a prior pattern of similar constitutional violations. This heightened evidentiary burden helps ensure that there is a true municipal policy at issue, not a random event, to comport with *Monell*'s holding that a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." See *Hughes*, 26 F.4th at 435 [cleaned up].

But Plaintiff fails to allege sufficient facts of "a prior pattern of similar constitutional violations" for a plausible *Monell* claim against the City. See *id*. Plaintiff argues (at p. 13) that ¶ 51 of the SAC alleges "a systemic pattern and practice of violating citizens' constitutional rights …" However, ¶ 51 of the SAC offers mere conclusions that cannot survive this motion. See *Iqbal*, 556 U.S. at 678. Plaintiff does not allege sufficient facts that demonstrate "a prior pattern of similar constitutional violations." See *Hughes*, 26 F.4th at 435. Instead, Plaintiff alleges only the single incident of the subject arrest, which "cannot suffice" to establish a plausible "inference that municipal officials were aware of and condoned the misconduct of their employees." See *Calderone v. City of Chicago*, 979 F.3d 1156, 1164 (7th Cir. 2020) [cleaned up].

*Second*, Plaintiff's argument regarding his second excessive force lawsuit fails to state sufficient facts of a prior pattern of similar constitutional violations to establish a plausible *Monell* claim against the City. For starters, Plaintiff fails to allege the facts of his second lawsuit in the SAC, and it is an "axiomatic rule that a plaintiff may not amend his

complaint in his response brief." See *Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 448 (7th Cir. 2011).

But even if we consider the second incident, "Allegations of a few sporadic examples of an improper behavior will not suffice." See *Thomas*, 74 F.4th at 524 [cleaned up]. Moreover, the second incident cannot constitute "evidence of a *prior* pattern of similar constitutional violations." See *Hughes*, 26 F.4th at 435 (emphasis added). According to Plaintiff's response brief (at p. 13), the second incident occurred approximately 18 months *after* the subject incident; it did not appear to allege that the City's police officers applied an excessive knee-to-the-back restraint, which is the allegedly excessive force at issue in this lawsuit; and it appeared to involve Plaintiff being "excessively tased," which is not the alleged excessive force at issue in this lawsuit. Thus, Plaintiff's allegations of two isolated and dissimilar instances of excessive force—the second of which occurred almost 18 months after the subject incident—fails to state a sufficient *Monell* claim against the City. See, e.g., *Thomas*, 74 F.4th at 525.

*Third*, Plaintiff fails to allege sufficient facts to establish the existence of "a narrow exception to the requirement of evidence of prior violations for the rare case in which the unconstitutional consequences of municipal inaction are so patently obvious that … a violation of federal rights is a highly predictable consequence of a municipality's failure to act." See *Hughes*, 26 F.4th at 436 [cleaned up]. Plaintiff does not argue that this case is the "rare case" that falls within the "narrow exception to the requirement of evidence of prior violations." See *id.* Rather, in response to the City's argument that this narrow exception does not apply because the Supreme Court held that kneeling on a suspect's back for eight seconds did not violate the suspect's clearly established constitutional rights in *Rivas-Villegas v. Cortesluna*, 595 U.S. 1 (2021), Plaintiff merely argues (at p. 14-

15) that he can point to the two aforementioned instances of allegedly excessive force against him. Regardless, the narrow exception to the requirement of evidence of prior violations does not apply in this case because "a knee-to-the-back restraint may or may not be reasonable depending on the circumstances." See *Catlin v. City of Wheaton*, 574 F.3d 361, 367 (7th Cir. 2009).

Thus, Plaintiff's "allegations of two isolated incidents fail to plausibly allege that the [City] has a widespread practice of using excessive force …. Accordingly, [Plaintiff] has failed to state a claim under *Monell*." See *Thomas*, 74 F.4th at 525.

**B.      Plaintiff Fails To State A Plausible Failure To Intervene Claim**

Plaintiff argues (at p. 4-5) that count II of the SAC states a plausible failure to intervene claim because: (1) ¶ 22 of the SAC alleges that "Defendants Stehlin, Dusek and John Does 1-45 … applied excessive force to Mr. Jones with a knee to Jones' upper back causing Mr. Jones to suffer severe pain and difficulty breathing"; and (2) "The officers named in the complaint were all around the scene and saw the arrest …" But this argument fails for two reasons.

*First*, Plaintiff fails to state sufficient facts to establish a plausible failure to intervene claim against each of the defendant-officers. For starters, it is not plausible that Co-defendant Stehlin, Officer Dusek, and John Does 1-45 each individually applied "a knee" to Plaintiff's back during the arrest. Rather, Plaintiff should identify: (a) who applied "a knee" to Plaintiff's back during the arrest; (b) who failed to stop the officer that applied the allegedly excessive knee-to-the-back restraint; and (c) how the officer(s) unreasonably failed to stop that allegedly excessive knee-to-the-back restraint.

If Plaintiff does not know the officer that applied "a knee" to Plaintiff's back, then Plaintiff should state his lack of knowledge, plead in the alternative, or adopt and

incorporate by reference the video footage of the subject arrest. Without such basic factual allegations stating who committed the allegedly excessive knee-to-the-back restraint and who had a reasonable opportunity to stop that allegedly excessive force, Plaintiff cannot state a plausible failure to intervene claim. And while Plaintiff correctly observes (at p. 5) that an officer may be held liable for both their excessive force and their failure to stop another officer's excessive force (assuming there's no double recovery issue), Plaintiff must still allege sufficient facts to establish that each individual officer unreasonably failed to stop another officer's allegedly excessive force to establish liability under a failure to intervene claim. Thus, at a bare minimum, Plaintiff must state facts that plausibly establish *who* committed the allegedly excessive knee-to-the-back restraint and *how* the other officer(s) had a reasonable opportunity to stop it. Plaintiff's utter failure to do so in the SAC should warrant dismissal of the count II failure to intervene claim.

*Second*, Plaintiff fails to allege sufficient facts to establish a failure to intervene claim against the previously dismissed City Defendant police officers—Mason Fleury, Kelly Sullivan, John E. Loechel, Charles Peter Verdone, Scott R. Farrell, and Tony M. Kwasniewski. For instance, ¶ 42 of the SAC does not allege any facts which show that any of them had a reasonable opportunity to stop the allegedly excessive force committed by Sgt. Streit, Officer Dusek, and Co-defendant Stehlin. Plaintiff's response brief (at p. 4) claims that: "The officers named in the complaint were all around the scene and saw the arrest, they were in a similar position to ask Stehlin, Streit, and Dusek to stop." But none of those facts are alleged in the SAC, and "a plaintiff may not amend his complaint in his response brief." See *Walgreen Co.*, 631 F.3d at 448.

Notably, Plaintiff's first amended complaint has more factual detail than the SAC because it attached parts of the arrest report as an exhibit. But this court still ruled that

Plaintiff could only state a plausible failure to intervene claim against Officer Dusek. Incredibly, the SAC attempts to avoid this court's prior ruling by omitting the arrest report and alleging even less facts of the previously dismissed officers' conduct, even though Plaintiff's counsel admittedly had an opportunity to view the video footage of the arrest before filing the SAC and Plaintiff could have referred to that video footage in the SAC.

Therefore, count II should be dismissed because Plaintiff fails to state sufficiently plausible "failure to intervene" claims against each of the City Defendant police officers.

## C.     The Statute of Limitations Bars Count V

Plaintiff argues (at p. 15) that the City Defendants waived their statute of limitations defense against count V's state law tort claim because the defense was not raised in their answer to the SAC. This argument should be rejected for two reasons.

*First*, the court may dismiss count V based on the statute of limitations because "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense," notwithstanding the failure to raise the defense. See *U.S. v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005) (holding that a court may dismiss a complaint based on an affirmative defense that was not raised "where, as here, the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations."). Here, the City Defendants' statute of limitations defense to count V is apparent on the face of the SAC. Plaintiff filed his initial complaint after the expiration of count V's 1-year limitations period, and Plaintiff added the untimely state law claim to the SAC, which was filed approximately 33 months after his arrest on March 20, 2021. Thus, the court should dismiss count V because the SAC plainly reveals that the claim is untimely under the governing statute of limitations. See *id.*

*Second*, the court should allow an amendment to the City Defendants' answer to assert their statute of limitations defense pursuant to Rule 15(a)(2) or Rule 15(b). See Fed. R. Civ. P. 15(a)(2) and 15(c). As a general rule, the Seventh Circuit allows "defendants to amend when the plaintiff had adequate notice that a statute of limitations defense was available, and had an adequate opportunity to respond to it despite the defendant's tardy assertion." See *Jackson v. Rockford Housing Auth.*, 213 F.3d 389, 393 (7th Cir. 2000). Furthermore, "Under Fed.R.Civ.P. 12(h)(2)(C), defendants can present a limitations defense as late as the trial, because it is not among the matters that must be raised earlier under Rule 12(h)(1)." See *Lee v. Cook County, Ill.*, 635 F.3d 969, 973 (7th Cir. 2011).

Here, the City Defendants timely raised the statute of limitations defense by this motion, and they also raised the statute of limitations defense in ¶¶ 3-4 of their answer to the SAC. Plaintiff does not argue that he would be prejudiced by such an amendment, nor would there be any prejudice where this litigation is still in the pleading stages and Plaintiff had adequate time to respond to this motion. See *Jackson*, 213 F.3d at 393 (citing *Blaney v. United States*, 34 F.3d 509, 512 (7th Cir. 1994)). Thus, if the SAC does not plainly reveal that the statute of limitations bars the count V claim, then the court should allow the City Defendants to amend their answer to assert the defense.

Therefore, count V's state law tort claim against the City Defendants is barred by the applicable one-year statute of limitations provided by 745 ILCS 10/8-101(a).

**D.    The Relation Back Doctrine Is Inapplicable**

Plaintiff argues (at p. 5-10) that the relation back doctrine should save the SAC's untimely filed claims against the City Defendants. This argument fails for three reasons.

*First*, relation back is inapplicable to the City Defendants, except for Sgt. Streit and Officer Dusek, because none of the other City Defendants received notice of the lawsuit

within the time provided by Rule 15(c)(3). See Fed. R. Civ. P. 15(c)(3). Plaintiff argues (at p. 7) that all of the City Defendants timely received "constructive notice" of the first amended complaint because they share the same attorney. "But there is nothing to suggest that those defendants were represented by that counsel within the time frame specified by … Rule 15(c) …. Without that showing, [Plaintiff's] argument fails." See *Woods v. Indiana University-Purdue University at Indianapolis*, 996 F.2d 880, n. 14 (7th Cir. 1993). Moreover, the Seventh Circuit rejected the argument that timely service of a lawsuit upon a shared attorney and the prison warden was sufficient "constructive notice" to "relate back" an untimely amended § 1983 suit against other prison officials under Rule 15(c). See *Delgado-Brunet v. Clark*, 93 F.3d 339, 344 (7th Cir. 1996). Because the other City Defendants did not receive notice of the lawsuit until after the SAC was filed, the claims against them cannot relate back under Rule 15(c)(3). See *id.*

*Second*, relation back is inapplicable because Plaintiff did not make a mistake concerning the identity of the other City Defendants. See Fed. R. Civ. P. 15(c)(3). Rather, Plaintiff knew the officers' identities because they were named as defendants in the timely filed complaint and amended complaint, but the court dismissed the claims against those officers because Plaintiff failed to state sufficient facts of their unconstitutional conduct.

Plaintiff argues (at p. 5-6) that the relation back doctrine still applies under *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014 (7th Cir. 2013), that case is distinguishable. Unlike *Luevano*, the court already gave Plaintiff multiple opportunities to amend his complaint to state plausible claims, and Plaintiff still failed to timely file the SAC, even though the court's dismissal order on November 1, 2022 was approximately five months before the expiration of the two-year limitations period. And unlike *Luevano*, Plaintiff is seeking to amend his complaint to add new claims against previously

dismissed defendants and apply relation back under Rule 15(c)(1)(C). *Luevano* involved the right of an *in forma pauperis* plaintiff to file at least one amended complaint to re-state sufficient facts of a claim against a pending defendant who was not previously dismissed from the lawsuit and apply relation back under Rule 15(c)(1)(B). See *id.* Thus, the policy concerns of protecting defendants against untimely filed claims that is embodied in Rule 15(c)(1)(C) should govern here, and not *Luevano*'s policy concerns regarding the equal treatment of the right to amend a complaint under Rule 15(a) and relation back under Rule 15(c)(1)(B).

*Third*, equitable tolling is not applicable because Plaintiff has not shown "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." See *Lee*, 635 F.3d at 972 [cleaned up] (applying Illinois law). Plaintiff argues (at p. 8-9) that equitable tolling should apply because Plaintiff was a *pro se* prisoner who repeatedly requested appointment of counsel. This does not satisfy the standard for equitable tolling. See *id.* Indeed, this court's November 1, 2022 order showed that Plaintiff could sufficiently allege claims against Sgt. Streit and Officer Dusek, and that order specifically instructed Plaintiff to allege sufficient facts of the other City Defendants' unconstitutional conduct. However, Plaintiff failed to timely file amended claims against the previously dismissed City Defendants. Instead, Plaintiff filed the SAC approximately 14 months after the court's November 1, 2022 order, which was approximately eight months after the expiration of the two-year statute of limitations. If Plaintiff wanted to sue the previously dismissed City Defendants for their allegedly unconstitutional conduct during his arrest on March 21, 2021, then he should have filed such an amended complaint before March 20, 2023.

Accordingly, the statute of limitations bars the claims against the City Defendants, except for Sgt. Streit and Officer Dusek.

## V. CONCLUSION

Therefore, the City Defendants request that the Court: (a) grant their motion for partial judgment on the pleadings; (b) dismiss Defendants David Byrd, Mason Fleury, Kelly Sullivan, John E. Loechel, Charles Peter Verdone, Scott R. Farrell, Tony M. Kwasniewski, John Does 1-45, the DeKalb Police Department, and the City of DeKalb with prejudice; (c) dismiss counts II, III, and IV of the SAC for failing to state a claim upon which relief may be granted; (d) dismiss count V of the SAC with prejudice as barred by the statute of limitations; and (e) award such other relief as justice may require.

Respectfully submitted,

Defendants Sonny Streit, Elise Dusek, Mason Fleury, Kelly Sullivan, John E. Loechel, Charles Peter Verdone, Scott R. Farrell, Tony M. Kwasniewski, David Byrd, and the City of DeKalb, an Illinois municipal corporation

By: /s/ Matthew D. Rose
Defendants' Attorney

Matthew D. Rose, ARDC # 6302878
Donahue & Rose, PC
9501 Technology Blvd., Ste. 4400
Rosemont, IL 60018
312-541-1078 (phone)
mrose@drlawpc.com

## CERTIFICATE OF SERVICE

      I certify that on September 5, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of said filing to all parties of record.

            By:        /s/  Matthew D. Rose
                       Matthew D. Rose
                       ARDC #6302878
                       Donahue & Rose, PC
                       9501 Technology Blvd., Ste. 4400
                       Rosemont, IL 60018
                       312-541-1078 (phone)
                       mrose@drlawpc.com