3651.008

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | |
|---|---|
| **Carl Jones,** <br><br> Plaintiff, <br><br> v. <br><br> **James Stehlin; Sonny Streit; Elise Dusek; Mason P. Fleury; Kelly K. Sullivan; John E. Loechel; Charles Peter Verdone; Scott R. Farrell; Tony M. Kwasniewski; Andy Sullivan,** *in his official capacity;* **David Byrd,** *in his official capacity*; **DeKalb County Sheriff's Office; City of DeKalb Police Department; John Does 1-45; and the City of DeKalb,** a Municipal Corporation**,** <br><br> Defendants. | No.:   2022-cv-50300 <br><br> Judge Iain D. Johnston <br><br> Magistrate Judge Margaret Schneider |

### DEFENDANT JAMES STEHLIN'S ANSWER TO
### SECOND AMENDED COMPLAINT

NOW COMES the Defendant, James Stehlin, by and through his attorneys, Ekl, Williams & Provenzale LLC, and in Answer to Plaintiff's Second Amended Complaint, states as follows:

### PRELIMINARY STATEMENT

1. This lawsuit arises from Defendants' unconstitutional use of excessive force and other federal and state civil rights violations. Defendants' conduct was perpetuated while acting under the color of state law and in direct violation of Plaintiff Carl Jones' ("Mr. Jones" or "Plaintiff") constitutional rights guaranteed by the Fourth Amendment to the United States Constitution. This lawsuit seeks damages based upon federal civil rights and state constitutional rights violations committed by Defendants, their employees, and or agents.

**ANSWER:** Defendant Stehlin denies the allegations in paragraph 1.

## JURISDICTION AND VENUE

2. This case is brought pursuant to 42 U.S.C. § 1983 ("Section 1983") and the Fourth Amendment to the United States Constitution and under the laws of the State of Illinois. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. 1367(a).

**ANSWER:** Defendant Stehlin admits that this case is brought pursuant to 42 U.S.C. § 1983 and the Fourth Amendment. In answering further, Defendant Stehlin states that Plaintiff's state law claim was dismissed with prejudice on November 4, 2024.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 139J(b) because the events giving rise to this Complaint occurred in Dekalb County, Illinois.

**ANSWER:** Defendant Stehlin admits the allegations in paragraph 3.

## THE PARTIES

4. Plaintiff Carl Jones is a resident of Dekalb County, Illinois at all relevant times alleged herein.

**ANSWER:** Defendant Stehlin lacks sufficient knowledge as to where Plaintiff currently resides and therefore, denies the same.

5. Defendant James Stehlin ("Stehlin") was, at all relevant times herein, a deputy with the Dekalb County Sheriff's Office ("DCSO").

**ANSWER:** Defendant Stehlin admits the allegations in paragraph 5.

6. Defendant Sonny Streit ("Streit") was, at all relevant times herein, a sworn officer with the City of Dekalb Police Department.

**ANSWER:** Defendant Stehlin admits the allegations in paragraph 6.

7. Defendant Elise Dusek ("Dusek") was, at all relevant times, a sworn officer with the City of Dekalb Police Department.

**ANSWER:** Defendant Stehlin admits the allegations in paragraph 7.

8. Defendant Mason P. Fleury ("Fleury") was, at all relevant times, a sworn officer with the City of Dekalb Police Department.

**ANSWER:** Defendant Stehlin admits the allegations in paragraph 8.

9. Defendant Kelly K. Sullivan ("Sullivan") was, at all relevant times, a sworn officer with the City of Dekalb Police Department.

**ANSWER:** Defendant Stehlin admits the allegations in paragraph 9.

10. Defendant John E. Loechel ("Loechel") was, at all relevant times, a sworn officer with the City of Dekalb Police Department.

**ANSWER:** Defendant Stehlin admits the allegations in paragraph 10.

11. Defendant Charles Peter Verdone ("Verdone") was, at all relevant times, a sworn officer with the City of Dekalb Police Department.

**ANSWER:** Defendant Stehlin admits the allegations in paragraph 11.

12. Defendant Scott R. Farrell ("Farrell") was, at all relevant times, a sworn officer with the City of Dekalb Police Department.

**ANSWER:** Defendant Stehlin admits the allegations in paragraph 12.

13. Defendant Tony M. Kwasniewski ("Kwasniewski") was, at all relevant times, a sworn officer with the City of Dekalb Police Department.

**ANSWER:** Defendant Stehlin admits the allegations in paragraph 13.

14. Defendant Andy Sullivan ("Sullivan") was, at all relevant times herein, the Sheriff within the Dekalb County Sheriff's Office and is named in his official capacity.

**ANSWER:** Defendant Stehlin admits the allegations in paragraph 14.

15. Defendant David Byrd ("Byrd") was, at all relevant times herein, the Chief of Police for the City of Dekalb Police Department and is named in his official capacity.

**ANSWER:** Defendant Stehlin admits the allegations in paragraph 15.

16. Defendant Dekalb County Sheriff's Office ("DCSO") was, at all times alleged herein, responsible for the training and supervision of its sheriff's deputies and for promulgating and implementing policies and procedures relative to arrests and use of force.

**ANSWER:** Defendant Stehlin admits the allegations in paragraph 16.

17. Defendant City of Dekalb Police Department ("CDPD") was, at all times alleged herein, responsible for the training and supervision of its officers and for promulgating and implementing policies and procedures relative to arrests and use of force.

**ANSWER:** Defendant Stehlin lacks sufficient knowledge in which to admit or deny the allegations in paragraph 17 and therefore, denies the same.

18. Defendant the City of Dekalb ("City") is a municipal corporation which operates pursuant to the laws and Constitution of the State of Illinois and is a corporate entity capable of suing and being sued.

**ANSWER:** Defendant Stehlin admits the allegations in paragraph 18.

19. Defendant John Does 45 were, at all times relevant herein, employees, agents or otherwise of Defendants CDPD and DCSO who had administrative responsibility for investigating complaints or misconduct and training all employees of the CDPD and DCSO as well as supervising

medical personal and training of officers and deputies of the CDPD and DCSO. Any and all identifiable individuals, through discovery or otherwise, are sued in their individual and official capacities.

**ANSWER:** Defendant Stehlin lacks sufficient knowledge in which to admit or deny the allegations in paragraph 19 and therefore, denies the same.

## ALLEGATIONS COMMON TO ALL COUNTS

20. On March 20, 2021, Jones was en route to pay a utility bill for his family.

**ANSWER:** Defendant Stehlin lacks sufficient knowledge in which to admit or deny the allegations in paragraph 20 and therefore, denies the same.

21. Defendants responded to an incident at or near the T-Mobile retail store located at 2333 Sycamore Road, Dekalb, Illinois 60115 where, upon information and belief, Plaintiff was involved in a disagreement with another citizen that had been resolved.

**ANSWER:** To the extent that this paragraph is directed to him, Defendant Stehlin denies the allegations in this paragraph. Defendant Stehlin lacks sufficient knowledge in which to admit or deny the remaining allegations in paragraph 20 and therefore, denies the same.

22. Upon information and belief and without probable cause, Defendant Streit arrived at the scene and, after some time, subdued Jones on his stomach in a grassy area alongside the highway. Sometime thereafter, Defendants Stehlin, Dusek, and John Does 1- 45 (believed to be a member of the DCSO wearing plain-clothes) applied excessive force to Mr. Jones with a knee to Jones' upper back causing Mr. Jones to suffer severe pain and difficulty breathing. The use of force was

objectively unreasonable in light of the circumstances as Mr. Jones posed no threat to himself or any Defendant.

**ANSWER:** Defendant Stehlin admits that he arrived at the scene. Defendant Stehlin denies the remaining allegations in paragraph 22.

23. Defendant Stehlin was in plain-clothes and did not present himself as a sheriff's deputy or even present a badge until after he, along with the other defendants, had applied excessive force to Plaintiff.

**ANSWER:** Defendant Stehlin admits that he was in plain-clothes. Defendant Stehlin denies the remaining allegations in paragraph 23.

24. While handcuffing Mr. Jones, John Docs 1 - 45, Dusek, Streit and Stehlin used excessive force and painfully contorted and applied pressure to Jones' arms, shoulders, and upper back, causing those areas of his body significant injury and pain.

**ANSWER:** Defendant Stehlin denies the allegations in paragraph 24.

25. Defendants also failed to protect Mr. Jones from further harm by other individuals present at the scene and allowed the purported victim to continue to physically assault Mr. Jones while Defendants had Mr. Jones pinned to the ground and allowing a purported witness to search Mr. Jones' person and remove his personal belongings from his person. These acts are in direct contravention of policy and procedure and exposed Mr. Jones to other possible harm.

**ANSWER:** Defendant Stehlin denies the allegations in paragraph 25.

26. All other Defendants failed to intervene or offer Mr. Jones any aid during the violation of his rights. Instead, John Does I - 45 engaged other individuals present at the scene of the incident.

**ANSWER:** Defendant Stehlin denies the allegations in paragraph 26.

27. Due to an earlier incident with another citizen in the area, Jones was exhausted and unable to move on his own and struggled to inform Defendants that he was unable to breathe.

**ANSWER:** Defendant Stehlin denies the allegations in paragraph 27.

28. After gaining consciousness, Jones noticed multiple other officers and deputies had arrived at the scene and that his personal belongings had been removed from his person. Again, Defendants allowed another citizen to search Mr. Jones' person and remove items from his person and thereby exposed Mr. Jones to further harm.

**ANSWER:** To the extent that the allegations in this paragraph are directed at Defendant Stehlin, he denies the allegations in this paragraph. Defendant Stehlin lacks sufficient knowledge regarding the remaining allegations in this paragraph and therefore, denies the same.

29. Once placed in the back of the squad car, Mr. Jones made multiple requests for air and water. No water was provided, and Defendants allowed air to flow by lowering the back windows slightly.

**ANSWER:** Defendant Stehlin lacks sufficient knowledge in which to admit or deny the allegations in paragraph 29 and therefore, denies the same.

30. Due to Mr. Jones' state, he was transported from the squad car to an ambulance and taken to the Kishwaukee Community Hospital for examination and treatment as a result of his interaction with Defendants.

**ANSWER:** Defendant Stehlin lacks sufficient knowledge in which to admit or deny the allegations in paragraph 30 and therefore, denies the same.

31. While in custody at the hospital, Jones objected to the withdrawal of blood and only requested water and air.

**ANSWER:** Defendant Stehlin lacks sufficient knowledge in which to admit or deny the allegations in paragraph 31 and therefore, denies the same.

32. Upon information and belief Defendants Sullivan, Byrd, the CDPD and the DCSO provide training and policies relative to responses to incidents and the arrest and custody of individuals and promulgated those policies and procedures to its Defendants before March 20, 2021.

**ANSWER:** Defendant Stehlin admits that Defendant Sullivan and the DCSO provides training and policies relative to responses to incidents and the arrest and custody of individuals and promulgated those policies and procedures to DCSO employees before March 20, 2021. Defendant Stehlin lacks sufficient knowledge regarding the remaining allegations in this paragraph and therefore, denies the same.

### COUNT I - Violation of Civil Rights (Section 1983)
### Fourth Amendment Use of Excessive Force
### Against Stehlin, Streit, and Dusek

33. Mr. Jones incorporates and realleges Paragraphs I -- 32 as if fully set forth herein for Paragraph 33.

**ANSWER:** Defendant Stehlin incorporates his answers to Paragraphs 1-32 as if fully restated here.

34. As described above, Defendants Stehlin, Streit and Dusek used excessive force that was objectively unreasonable against Mr. Jones on March 20, 2021, without provocation and without legitimate penal justification, and all other named Defendants failed to stop the unprovoked and unjustified excessive use of force against Jones.

**ANSWER:** Defendant Stehlin denies the allegations in paragraph 34.

35. While applying this excessive use of force with a knee to Mr. Jones' back, Defendants acted under the color of state law and violated the constitutional rights guaranteed to Jones by the Fourth Amendment of the United States Constitution and these actions were not taken in good-faith.

**ANSWER:** Defendant Stehlin denies the allegations in paragraph 35.

36. The Fourth Amendment of the United States Constitution protects Jones, like any other citizen, from the use of excessive force.

**ANSWER:** Defendant Stehlin admits the allegations in paragraph 36.

37. Defendants' actions were performed under color of state law.

**ANSWER:** Defendant Stehlin admits that he acted under color of state law in relation to his conduct towards Plaintiff on March 20, 2021 but denies the allegations of excessive force in this complaint.

38. Defendants' actions were unnecessary, unreasonable, unlawful, and unjustified.

**ANSWER:** Defendant Stehlin denies the allegations in paragraph 38.

39. As a direct and proximate result of Defendants' unreasonable and unlawful actions, Plaintiff suffered and continues to suffer substantial past and future damages, both compensatory and general, including, but not limited to, medical bills, loss of income, severe emotional distress, mental anguish, embarrassment, humiliation, and physical pain and suffering.

**ANSWER:** Defendant Stehlin denies the allegations in paragraph 39.

WHEREFORE, Defendant, James Stehlin, by and through his attorneys, Ekl, Williams & Provenzale LLC, prays this Honorable Court enter judgment in his favor, award costs associated with matter and any other relief this Court deems proper and just.

**COUNT II - Violation of Civil Rights (Section 1983)**
**Fourth Amendment - Failure to Intervene**
**Against Dusek, Stehlin, Streit, Fleury, Sullivan, Loechel, Verdone, Farrell, Kwasniewski**
**and John Does 1 - 45**

40. Plaintiff incorporates and realleges the allegations set forth in Paragraphs 1 - 39 for Paragraph 40 as if fully set forth herein.

**ANSWER:** Defendant Stehlin incorporates his answers to Paragraphs 1-39 as if fully restated here.

41. Defendants, individually and collectively, had a duty to intervene when other Defendants Stehlin, Streit and Dusek violated Jones' constitutional rights, which resulted in the infliction of excessive force upon Plaintiff.

**ANSWER:** Defendant Stehlin denies the allegations in paragraph 41.

42. Each Defendant observed and/or had reason to know that excessive force was being inflicted upon Plaintiff without legitimate goal or justification and had the opportunity and means to prevent the excessive use of force and/or violations of Plaintiff's constitutional rights.

**ANSWER:** Defendant Stehlin denies the allegations in paragraph 42.

43. An officer is liable under Section 1983 for failure to intervene to prevent other law enforcement officers from infringing upon a citizen's constitutional rights if the officer had reason to know "(l) that excessive force was being used, (2) that a citizen has been unjustifiably arrested, or (3) that any constitutional violation has been committed by a law enforcement officer, and the officer had a realistic opportunity to intervene to prevent the harm from occurring." Littrell v. Gulbrantson, No. 15 CV 50011, 2018 WL 2933664, at* 10 (N.D. Ill. June 12, 2018).

**ANSWER:** Defendant Stehlin denies the allegations in paragraph 43.

44.     Defendants failed to intervene while Mr. Jones' constitutional rights were violated and had the opportunity to prevent further harm to Mr. Jones.

**ANSWER:**     Defendant Stehlin denies the allegations in paragraph 44.

45.     As a direct and proximate result of Defendants' unreasonable and unlawful actions, Plaintiff suffered and continues to suffer substantial past and future damages, both compensatory and general, including, but not limited to, medical bills, loss or income, severe emotional distress, mental anguish, embarrassment, humiliation, and physical pain and suffering.

**ANSWER:**     Defendant Stehlin denies the allegations in paragraph 45.

WHEREFORE, Defendant, James Stehlin, by and through his attorneys, Ekl, Williams & Provenzale LLC, prays this Honorable Court enter judgment in his favor, award costs associated with matter and any other relief this Court deems proper and just.

**COUNT III - Violation of Civil Rights (Section 1983)**
***Monell* Liability - Unconstitutional Policy, Custom, or Procedure**
**Against the City, DCSO, CDPD, Sullivan and Byrd**

Count III was dismissed with prejudice by the Court on November 4, 2024.  See Dkt. 87.

**COUNT IV - Violation of Civil Rights (Section 1983)**
***City of Canton* Liability - Failure to Train and Supervise**
**Against the City DCSO, CDPD, Sullivan, and Byrd**

Count IV was dismissed with prejudice by the Court on November 4, 2024.  See Dkt. 87.

**COUNT V - Intentional Infliction of Emotional Distress**
**Against All Defendants**

Count V was dismissed with prejudice by the Court on November 4, 2024.  See Dkt. 87.

## DEFENDANT JAMES STEHLIN'S AFFIRMATIVE DEFENSE

Defendant, James Stehlin, in addition to the denials and defenses set forth above, asserts the following additional affirmative defense to Plaintiff's Second Amended Complaint:

James Stehlin was a government official, namely a police officer, who performed discretionary functions. At all times relevant and material to the events alleged in Plaintiff's Second Amended Complaint, a reasonable police officer objectively viewing the facts and circumstances could have believed his actions to be lawful, in light of the clearly established law and the information that said Defendant possessed. James Stehlin, therefore, is entitled to qualified immunity for Plaintiff's § 1983 claims as a matter of law.

WHEREFORE, Defendant, James Stehlin, by and through his attorneys, Ekl, Williams & Provenzale LLC, prays this Honorable Court enter judgment in his favor, award costs associated with matter and any other relief this Court deems proper and just.

## DEFENDANT DEMANDS TRIAL BY A 12 PERSON JURY

    Respectfully submitted by:

    By: s/ Tracy Stanker
    *Attorneys for Defendant, James Stehlin*

Terry A. Ekl, [ #0727105 ]
Tracy Stanker [ #6274868 ]
Ekl, Williams & Provenzale LLC
901 Warrenville Road, Suite 175
Lisle, IL 60532
(630) 654-0045
(630) 654-8318 *Facsimile*
tekl@eklwilliams.com
tstanker@eklwilliams.com